## DONALDSON *v.* INSURANCE CO.

### (*Knoxville.* September 16, 1895.)

1. INSURANCE. *Action for loss maintainable by appointee in his own name.*

   A third person, to whom the loss under an insurance policy is made payable as his interest may appear, can maintain an action upon the policy in his own name without joining the insured, where his interest exceeds the amount of insurance. (*Post, pp. 284–289.*)

   Cases cited: 11 Fed. R., 29; 37 Mich., 609, 613; 77 Ala., 194; 90 Mich., 263.

2. SAME. *Appointee not required to have insurable interest in the property.*

   A clause of a policy of insurance, loss, if any, payable to D. (a third person) as his interest may appear, is tantamount to an assignment of the policy by the insured with the assent of the insurer, and the appointee need not have an insurable interest in the property itself. (*Post, pp. 281–284.*)

   Cases cited: 45 N. W. Rep., 70; 60 N. Y., 619; 143 Mo., 491; 38 N. J. L., 140; 58 Md., 172; 46 Barb., 589; 11 N. W. Rep., 846; 90 Ill., 122; 55 N. H., 249; 41 Mich., 131.

3. SAME. *Clause as to appointee's interest construed.*

   The clause of an insurance policy making the loss payable to one who is a creditor and stockholder of the insured company, "as his interest may appear," does not refer to the appointee's interest in the property, but to his interest as a creditor and stockholder. (*Post, pp. 283–288.*)

   Cases cited: Hayes *v.* Ferguson, 15 Lea. 1; 21 Am. St. R., 716; 60 N. Y., 621; 92 Ill., 154.

---

#### FROM HAMILTON.

---

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

Donaldson *v.* Insurance Co.

WATKINS & BOGLE for Donaldson.

DANIELS & GARVIN for Insurance Co.

McALISTER, J.   This is a suit upon a policy of
fire insurance.   The Chancellor pronounced a decree
in favor of complainant for the full amount of the
policy.   The company appealed, and has assigned
errors.   The policy, upon its face, insured the Kim-
ball Town Company, as the owner of a certain hotel
building, in a sum not exceeding fifteen hundred
dollars, but the loss was made payable to W. E.
Donaldson, receiver for the New York & New
Orleans Coal & Iron Company, as his interest may
appear at that time.   The original bill is filed in
the name of Donaldson, as receiver, against the in-
surance company, as defendant.   It alleges, among
other things, that "at the time said policy was
issued, and at the time of said fire, as hereinafter
stated, the New York & New Orleans Coal &
Iron Company, and this complainant, as its receiver,
was a creditor of said Kimball Town Company to
the extent of over thirteen thousand dollars, and
indorser on its paper for other large sums, and
was also a stockholder in said Kimball Town Com-
pany to the amount of more than ten thousand
dollars, and that he, as such receiver, is still such
creditor and stockholder."   It appears from the
proof that this hotel building had been previously
insured for the benefit of the Kimball Town Com-
pany.   When that policy expired, the insurance

agents notified Donaldson, the secretary, and Richardson, the local treasurer of the town company, whereupon these officers caused a renewal of the policy. Donaldson, it appears, explained to the insurance agents, at the time of the renewal, that the town company owed the land company about thirteen thousand dollars, and he desired the policy to protect the interests of the land company. The premiums on this policy were paid by Donaldson, as receiver. Donaldson was at that time not only receiver of the land company, but was also general counsel, secretary, and resident manager of the town company. Richardson, who was present when the policy was renewed, was acting treasurer of the town company, and approved the action of Donaldson. Donaldson also notified the president of the town company, by letter, of his action, and, after the loss, advised him in person of the renewal of the policy for the benefit of the New York & New Orleans Coal & Iron Company, and he approved the action of Donaldson. The defendant company demurred to the bill, upon the ground that if any right of action existed on said policy, it was in the Kimball Town Company, and not in complainant, and that, in any event, said Kimball Town Company was a necessary party to the suit. The demurrer was overruled. The company answered, and, among other defenses, averred that complainant, in procuring this policy, was not acting under authority of the town company, but was acting solely in his capacity of

receiver for the coal and iron company, and that neither the receiver nor the coal and iron company had an insurable interest in the said hotel building.

The first assignment is that the Court erred in overruling defendant's demurrer. It is insisted in behalf of the demurrant that this suit could only be maintained in the name of the Kimball Town Company because, first, the loss is made payable to the complainant "as his interest may appear at that time;" that, under this clause, he must have an insurable interest in the subject of the insurance, and none is alleged in the bill. It is insisted that a simple contract creditor—one who has no lien upon the particular property by contract or judgment, or otherwise—has no insurable interest in the property of his debtor. If this clause in the policy was intended to refer to the interest of the appointee in the subject of the insurance, the bill alleged that he was both creditor and stockholder in amounts greatly in excess of the amount of the policy.

It has been decided that a stockholder has an insurable interest in the specific articles of tangible property belonging to the company. *Riggs* v. *Com. Ins. Co.*, 21 Am. St. R. (N. Y.), 716. But we are of opinion that the clause "as his interest may appear at the time" does not refer to the interest of the appointee in the property, but to his interest as a creditor, or otherwise, in the Kimball Town Company. The interest insured in the property was the interest of the Kimball Town Company. *Hayas* v. *Ferguson,*

15 Lea, 1; *Cone* v. *Ins. Co.*, 60 N. Y., 621; *Central Ins. Co.* v. *Holman*, 92 Ill., 154. If the interest of Donaldson, as receiver of the coal and iron company, in this property had been insured, it would, of course, have been unnecessary to show that he had an insurable interest, but it is not necessary that the appointee to whom the policy is made payable should have an insurable interest in the property insured. The clause "loss, if any, payable to Donaldson as his interest may appear at that time," was tantamount to an assignment of the policy by the Kimball Town Co., with the consent of the insurance company, to Donaldson as receiver. May on Insurance, Vol. II., Sec. 399*d*; *Franklin* v. *Ins. Co.*, 143 Mo., 491–496; *Pratt* v. *Central Ins. Co.*, 46 Barb., 589.

It is admitted by counsel for the insurance company that where a policy contains a clause making the loss payable to a third person unconditionally, such third person may maintain a suit upon it in his own name; but the insistence of counsel is that, where the policy provides for the payment to a third person "as his interest may appear," the assured, and not such third person, must bring the suit. In support of this position, the following authorities are cited : 2 May on Insurance, Secs. 446, 447, 459; 1 Wood on Insurance, Sec. 119, page 299; *Thatch* v. *Metropole Ins. Co.*, 11 Fed. Rep., 29; *Hartford Ins. Co.* v. *Davenport*, 37 Mich., 609–613; *Fire Ins. Co.* v. *Felroth*, 77 Ala., 194;

*Minnock* v. *Eureka Ins. Co.*, 90 Mich., 263. We have examined these cases so far as they have been accessible, and found that in all of them the appointee affirmatively appeared to have a less interest than the sum insured. He was therefore entitled to only a portion of the proceeds of the policy, and an individual suit by him involved a splitting up of a single cause of action. This is the cardinal differential attribute of all the cases cited by defendant's counsel.

In the case of *Hartford Insurance Company* v. *Davenport*, 37 Mich., 609, cited by counsel for the company, the Court said, viz.: "No one can dispute the right of parties to a contract to make money payable to a third person if they shall see fit. It is not important, in this case, to inquire whether, if the policy before us gave the mortgagees an exclusive right to the whole insurance money, they might not sue for it. In the present case the policy does not purport to do any such thing. It covers property not included in the mortgage, and only provides for payment to them of the insurance money due upon the property with which they were concerned. Upon the trial, it appeared that other property was burned, and the Court excluded them from recovering beyond their own share, etc. Now, there can be no splitting up of causes of action on a single policy. The party insured retained, by the terms of the policy itself, interests beyond the control of the mortgage.

Their interests were several, and not joint. Under such circumstances, it cannot be held that the mortgagees have any control of the policy which would authorize them to sue upon it. . . . No case," continues the Court, "has been cited, and we can not conceive that any will be found, which would justify us in holding the mortgagees having only a a partial interest under an appointment in a policy, authorized to assume its legal ownership. Whoever sues must be able to enforce the whole policy."

In the case of *Thatch* v. *Metropole Insurance Company*, 11 Fed. Rep., 29, the Court said, viz.: "There is no definite information in the complaint as to the amount of insurance, or the amount of indebtedness due the plaintiff from the party insured. It does appear that the policy was taken out by Emma Oray, and paid for by her. If it appeared in the complaint that insurance was taken out by this woman, and that the stipulation of the policy is that the loss, if any occur, should be paid to the plaintiff—all of it, the entire sum—a question would be presented as to the right of the plaintiff to recover on such instrument, which is not very well settled. Perhaps the weight of authority is that the plaintiff would be entitled to maintain the action—that is to say, if two persons contract for the benefit of a third, the third party, although a stranger to the consideration, may maintain a suit upon the contract. But that is not the case here. It is entirely consistent with the allegation of this

complaint that the sum due the plaintiff was much less than the amount for which the policy of insurance was issued." The Court, however, sustained the demurrer of the company, upon the ground that there could be no splitting up of a single cause of action, and cited the case of *Hartford Insurance . Company* v. *Davenport*, 37 Mich.

The judgment of the Court in the case of *Felroth* v. *Fire Insurance Co.*, 77 Ala., 194, cited by counsel for the company, was based upon the principle announced in the other cases. The policy in that case was issued to John C. Clark, owner of the property, with the clause, viz.: "Loss, if any, payable to Joseph Felroth to the extent of his mortgage interest." It appeared that the mortgage to Felroth secured a debt of $1,080, while the amount called for by the policy was $1,550. The Court denied the right of Felroth to maintain the action, and said, viz.: "They appointed the payment of a part of the money to Felroth in case of loss. They did not appoint the payment of the entire sum, nor were the policies assigned. They did not confer on Felroth a right to sue for a part and on Clark the right to sue for the residue. That would have been to split one contract into two causes of action, which can only be done by agreement of debtor and creditor, having that object in view. It was not done in this case. . . . There are a few cases which, it is contended, hold the contrary of these views, but, if they do, we decline to follow them. *Ins.*

*Co.* v. *Ger. Ins. Co.*, 40 Wis., 446; *Hamil* v. *Ins. Co.*, 50 Wis., 240; *State Ins. Co.* v. *Machens*, 38 N. J. Law, 564. In some of these cases the appointee's claim equaled or exceeded the whole sum insured which, of course, involved no splitting up of a cause of action. This," continued the Court, "distinguishes such cases from this."

The section of May on Insurance cited by counsel for the company, is based upon the cases just reviewed, which cannot be assimilated to the case now being adjudged. In this case the bill alleges that the interest of Donaldson, both as a creditor and stockholder, exceeded the amount of insurance, and hence the question of splitting up a single cause of action does not arise. If the pleadings and proof show that the appointee is entitled to the entire proceeds of the policy, the authorities agree that the action may be maintained in his own name. If the appointment is unconditional, no averment in respect of the extent of his interest is essential, but if the policy provides for payment "as his interests may appear," it must be alleged that the appointee is entitled to the entire insurance. This view of the case is sustained by the great weight of authority. *Travellers' Ins. Co.* v. *Col. Ins. Co.*, 45 N. W. R., 70; *Cone* v. *Ins. Co.*, 60 N. Y., 619; *Martin* v. *Ins. Co.*, 38 N. J. Law, 140; *Coates* v. *Ins. Co.*, 58 Md., 172; *Aurora* v. *H. Mfg. Co.*, 11 N. W. R., 846; *Westchester Ins. Co.* v. *Foster*, 90 Ill.,

122; *Chamberlain* v. *Ins. Co.*, 55 N. H., 249; *Watertown Co.* v. *Sew. M. Co.*, 41 Mich., 131.

The other assignments have been considered, and, in the opinion of the Court, are not well taken.

The decree of the Chancellor was correct, and must be affirmed.