## Hocking  *v.*  Insurance  Co.

(*Knoxville.*     November  3,  1897.)

FIRE INSURANCE.  *Forfeiture of mortgagee's rights by owner's burning property.*

The forfeiture of a policy of fire insurance wrought by the insurer's fraudulent act in burning his own property to obtain the insurance, operates to defeat the rights of his mortgagee of the property, to whom the insurance, in the event of loss, was made payable as his interest might appear.

Cases cited: Donaldson *v.* Ins. Co., 95 Tenn., 280; 53 Ill., 151 (S. C., 5 Am. Dec., 37); 6 Gray, 169 (S. C., 66 Am. Dec., 410); 17 Wis., 375 (S. C., 84 Am. Dec., 754); 17 N. Y., 391.

---

FROM  KNOX.

---

Appeal  from  Chancery  Court  of  Knox  County. H. B. LINDSAY, Ch.

H.  T.  COOPER  and  JUNIUS  PARKER  for  Hocking.

WEBB  &  McCLUNG  for  Insurance  Co.

BEARD, J.   This  bill  is  filed  by  Viola  Hocking and  her  husband,  who  sue  in  their  own  right,  and for  the  use  of  J.  E.  Hancock,  to  recover  on  a  policy of  fire  insurance,  issued  by  the  defendant  company to,  and  upon  the  application  of,  Viola  Hocking,  upon

her dwelling house, the policy reciting in its face that "the loss, if any, was payable to J. E. Hancock as his interest may appear." The property covered by this policy was destroyed by fire during its life, and the question here presented is, can a recovery be made for the use and benefit of Hancock, the mortgagee, when the record discloses, beyond all doubt, that the mortgagor, Viola, burned the house for the purpose of realizing on this insurance policy. It is conceded that Mrs. Hocking, by her conduct, has forfeited all right to recover, but it is insisted that this forfeiture does not affect the mortgagee.

While a mortgagee to whom the loss under an insurance policy issued to the mortgagor, and covering the property of the latter, is made payable "as his interest may appear," is, in a large sense, an assignee to the extent of his interest (*Donaldson* v. *Insurance Co.*, 95 Tenn., 280), yet he does not acquire a full and absolute right, and, in case of loss, recovers in the right of the party assured, and not in his own. In the present case, it was the property of Viola Hocking that was insured and destroyed by fire, and it was she who took out this policy for his benefit. If, at any time after its issuance, the mortgage in question had been discharged, the interest of the mortgagee in this policy would have terminated, and Mrs. Hocking alone would have been entitled to its proceeds. Claiming through the assured, Hancock had no higher or

greater right against the defendant company than she, and, as it is clear that she, being the incendiary of this property, would be repelled, he (the mortgagee) must abide the forfeiture which the conduct of his mortgagor has brought about. A large number of cases recognizing this sound principle are to be found in the reports. Among them are *Illinois Mut. Fire Ins. Co.* v. *Fix*, 53 Ill., 151 (5 Am. Dec., 37); *Hale* v. *Mechanics Mutual, etc., Co.*, 6 Gray, 169 (66 Am. Dec., 410); *Pupke* v. *Resolute, etc., Co.*, 17 Wis., 375 (84 Am. Dec., 754); *Grosvenor* v. *Alt., etc., Co.*, 17 N. Y., 391.

We agree with the Court of Chancery Appeals that the forfeiture of all right under the policy, resulting from the conduct of the assured, the mortgagor, extends to and extinguishes the right of the mortgagee. And the decree of that Court is, therefore, affirmed.