GUSSIE COHEN *vs.* COMMERCIAL CASUALTY INSURANCE COMPANY.

Suffolk.    November 10, 1931. — December 3, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Insurance,* Burglary.    *Contract,* Construction.

Under a policy of burglary insurance issued in New York and covering property in the residence of the insured there and providing that, upon request of the insurance company after loss, the insured should submit himself and, so far as he was able, the members of his household to an examination by its representative, the company, after a loss, was entitled to require the insured and his family to submit themselves to an examination in New York, although, previous to the company's request for an examination, the insured and his family had moved to Boston, where the company also had an office, the wife and son had presented themselves at a time and place appointed by the company in New York for examination, stating that the insured knew nothing about the loss and would not appear, and the insured had made an offer to have the examination held in Boston, which was refused by the company; and, the insured having failed to submit to examination in New York, an action on the policy could not be maintained.

CONTRACT, originally brought by Max W. Cohen. Writ dated February 6, 1925.

The action was tried in the Superior Court before *McLaughlin,* J. Material evidence is stated in the opinion. The judge allowed a motion by the plaintiff to substitute Gussie Cohen, assignee, as plaintiff; and ordered a verdict for the defendant, it being agreed that, if such ordering of a verdict was error, judgment should be entered for the plaintiff in the sum of $1,200. After the death of *McLaughlin,* J., the action was reported by *F. T. Hammond,* J., for determination by this court.

*W. J. Barry,* for the plaintiff.

*G. P. Beckford,* for the defendant.

SANDERSON, J. This is an action of contract on a policy of burglary insurance issued by the defendant to the original plaintiff, Max W. Cohen, from its New York office.

The defendant also had a Boston office. The policy covered the property of the insured, his wife and son at 801 Riverside Drive, New York, where his wife and son lived and where he went from his law office in Boston Saturday nights, returning to Boston Sunday nights. A loss took place under the policy during the absence of the insured. Due notice was given and proofs of loss signed by the insured were filed in proper form. One clause of the policy provided, in part, that the insured upon request of the company should submit himself and, so far as he is able, the members of his household to an examination by any company representative, under oath if required. The insured's family had moved to Boston when the insurer requested that the insured and his wife submit themselves for examination with a request that he fix the date when it would be convenient for them to call at the defendant's New York office for such examination. He at first notified the company that he would come to its New York office at a specified time, but he did not go, although his wife and son went to the office of the defendant in New York on the date set to tell about the loss, stating that they were ready to be examined and also that the insured knew nothing about the loss and would not appear, and they were told by a representative of the defendant that he would not examine the wife and son unless the insured himself was present. Later the defendant again asked the insured to set a date when both he and his wife would call at the defendant's New York office for an examination. The attorney for the insured then wrote the defendant a letter in which he referred to the fact that the insured and his family had returned to Boston to live and stated that they were ready to submit to an examination by any representative of the company but felt that their presence in New York in the circumstances was not required and that to insist on it was unreasonable. He suggested that the examination take place in Boston where the defendant had an office. In refusing to adopt this suggestion the defendant stated that it was entitled to have the insured and his wife undergo examination in New York where the

claim arose and where the company's employees who are familiar with the claim are located, and further stated that it must insist upon an examination pursuant to the terms of the policy to be held at New York at some time in the near future, and asked the insured to notify it as to when he wished to have the examination take place. He at no time submitted himself to examination in New York. There was evidence that the original plaintiff had assigned any sums due him under the policy to his wife, Gussie Cohen. Thereupon the trial judge allowed a motion substituting her name for that of the insured wherever the latter appears, as party plaintiff, and then allowed a motion directing the jury to return a verdict for the defendant, the parties agreeing that if that order was wrong judgment might be entered for the plaintiff in a specified sum. The case was reported to this court by a judge of the Superior Court, the judge who presided at the trial having deceased.

Upon the facts in this case we are of opinion that the terms of the policy did not require the defendant to follow the insured into another State and examine him there, but that as matter of law the defendant had a right to require that the insured submit himself for examination in the city of New York where the loss occurred and where the employees familiar with the claim were located; and that the insured violated an essential condition of the policy by refusing to submit to an examination in New York. In reaching this conclusion we have considered the contentions of the plaintiff that the law does not favor a forfeiture, that an insurance policy is to be construed most strongly against the insurance company, that its refusal to examine the insured in Boston was a waiver of the condition, and that a question of fact for the jury was presented by the record. The order must be

*Judgment for the defendant on the verdict.*