RALPH RAMSEY, EXECUTOR OF THE ESTATE OF ALICE ANDERSON, DECEASED, APPELLANT, v. THE FARMERS MUTUAL INSURANCE COMPANY OF MACON, MISSOURI, A CORPORATION, RESPONDENT.—139 S. W. (2d) 1027.

Kansas City Court of Appeals. April 29, 1940.

*Owen & Thurlo* for appellant.

1106

*C. G. Buster* and *Ed. S. Jones* for respondent.

SPERRY, C.—This is a suit on a fire insurance policy. Plaintiff, Ralph Ramsey, is executor of the estate of Alice Anderson, deceased; defendant is the Farmers' Mutual Insurance Company of Macon, Missouri. Jury was waived and trial was by the court. Certain declarations of law were made and judgment was rendered for defendant. Plaintiff appeals. We will refer to the parties as plaintiff and defendant, in the order mentioned above.

Defendant was in the fire insurance business. George F. and Helen Gucker were the owners of a dwelling house located on a farm in Linn County, Missouri. The Guckers made application to defendant for an insurance policy on said dwelling house. The policy was issued for a term of five years, beginning August 1, 1936. At the time the policy was issued the Guckers owed a note, secured by deed of trust on the property, to E. L. Anderson, who, long prior to the fire loss herein mentioned, assigned same to Alice Anderson, now deceased. All premiums and assessments levied against the policy were fully paid.

The policy carried the following provision, which we will designate as Excerpt 1:

"Loss or damage, if any, on buildings insured under this policy shall be payable to E. L. Anderson, or Assigns, St. Catherine, Missouri, mortgagee, as his interest may appear at the time of loss, *sub-*

*ject to all terms and conditions of this Policy.* This slip attached to and made a part of Policy No. 2416 of the Farmers' Mutual Insurance Company of Macon, Missouri, August 1st, 1936." (Italics ours.)

It also carried the following paragraph, which we shall designate Excerpt 2:

"This entire policy shall be void, unless otherwise provided by agreement in writing added hereto, . . . or (c) if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property insured hereunder by reason of any mortgage or trust deed; . . ."

On November 26, 1937, plaintiff proceeded to foreclose the mortgage by publishing notice of foreclosure. The sale was advertised for December 18, 1937. The Guckers knew of the foreclosure proceedings, and neither they nor plaintiff advised defendant thereof. The dwelling house burned on December 16, 1937, and the loss exceeded the amount named in the insurance policy. Plaintiff first learned of the fire on December, 1937; and defendant first learned of the foreclosure of the mortgage on December 21, 1937. Defendant denied liability, because of the commencement of foreclosure proceedings, and, prior to institution of suit herein, tendered its check to the Guckers in the amount of $20.40, for unearned premiums and assessments, which check was never cashed.

Plaintiff based his right to recover on above Excerpt 1, which, he claims, is a "union" mortgage clause.

This court has twice ruled, recently, that a mortgage payable clause, worded as is except 1 hereof, is an "open" mortgage clause, and not a "union" clause. [Prudential Ins. Co. v. German Mut. Fire Ins. Assn., 60 S. W. (2d) 1008, l. c. 1009; Prudential Ins. Co. v. German Mut. Fire Ins. Assn., 105 S. W. (2d) 1001, l. c. 1005.] We there pointed out the distinction between the two types of mortgage payable clauses. A "union" clause establishes a separate contract of insurance between the mortgagee and the insurer, which contract may not be nullified by any act of insured alone. A mortgagee can demand and secure such protection through classes similar to those discussed in Trust Company of St. Louis County v. Phoenix Ins. Co., 210 S. W. 98, Wisman v. Hazel Dell Farmers Mutual Fire & Lightning Ins. Co., 94 S. W. (2d) 908, l. c. 909, and Prudential Ins. Co. v. German Mut. Fire Ins. Assn., *supra.*

An "open" mortgage clause makes the rights of the mortgagee dependent upon acts of omission and commission by insured. Under such a clause the mortgagee's rights are no greater than those of insured. The clause here considered specifically makes mortgagee's rights dependent upon and subject to all other provisions of the policy, to-wit, those contained in excerpt 2 above.

Violation of a provision of the policy, such as that contained in excerpt 2, above, bars the right of insured to collect for the loss of

property insured under the policy. [Trust Company of St. Louis County v. Phoenix Insurance Company, *supra*, l. c. 102; Marcus v. Insurance Company, 187 Mo. App. 134.] Insured and defendant had a right to contract, as between themselves, that if foreclosure proceedings should be instituted, with the knowledge of insured, the policy should become inoperative. Such a provision is not against public policy and is legal and binding as between the parties. Under such circumstances we will not, by judicial interpretation, make for the parties a different contract than the one they made for themselves. Since the policy became void as to insured because of the commencement of foreclosure proceedings, it is also void as to the mortgagee who claims under an open mortgage clause and whose rights are no greater than those of insured.

Plaintiff contends that excerpt 1 is modified and affected by excerpt 3, below, so that the two provisions, together, constitute a union mortgage clause. Excerpt 3 reads as follows:

"If loss or damage is made payable, in whole or in part, to a mortgagee not named herein as the insured, this policy may be cancelled as to such interest by giving to such mortgagee a ten days' written notice of cancellation. Upon failure of the insured to render proof of loss such mortgagee shall, as if named as insured hereunder, but within sixty days after notice of such failure, render proof of loss and shall be subject to the provisions hereof as to appraisal and times of payment and of bringing suit . . . Other provisions relating to the interest and obligations of such mortgage may be added hereto by agreement in writing."

It is possible that an insurance policy carrying an open clause, such as the one herein considered, might contain additional provisions which might specifically affect the rights of the mortgagee. Such, apparently, was the case in Senor and Muntz v. Fire Ins. Co., 181 Mo. 104, l. c. 115; but excerpt 3, *supra*, confers no such additional right on the mortgagee. It merely provides a method whereby *insurer* may *voluntarily* cancel the policy insofar as the mortgagee is concerned. Such an interpretation of that provision is inescapable when it is read in connection with a further provision of the policy, which we shall designate as excerpt 4, to-wit:

"This policy shall be cancelled in whole or in part at any time at the request of the insured upon the return of this policy to the Home Office of this Company, and the payment of all assessments or other charges against said policy; or by this company giving five days' notice of such cancellation. . . ."

These two provisions (excerpts 3 and 4), set up a plan whereby the rights of all parties, insurer, insured, and mortgagee, if any, may be *voluntarily cancelled*. Such provisions do not in any way conflict with the rights of the mortgagee as defined in excerpt 1. No ambiguity is created thereby, and no occasion arises for application

of the rule governing construction of ambiguous of conflicting provisions of an insurance policy. In the case at bar such provisions never became active because no steps were ever taken thereunder. A forfeiture was automatically worked under the provisions of excerpt 2, *supra*. [Morrison v. Fidelity-Phoenix Fire Ins. Co., 71 S. W. (2d) 816, l. c. 819.]

It is urged by plaintiff that defendant had knowledge of the foreclosure proceedings and, by its failure to notify plaintiff of its cancellation of the policy, it has waived the provisions of excerpt 2, so far as plaintiff is concerned. The only evidence adduced in support of the contention that defendant had such knowledge was the testimony of one Cannon, who was a witness for plaintiff, and who was a soliciting agent for defendant. His sole authority, as agent of defendant, was to accept applications for policies and deliver such applications to defendant. Defendant delivered the policies direct to applicants and the witness did not countersign same. The evidence fails to establish that Cannon was such an agent of defendant "as to have authority to receive notice" of the fact of the beginning of foreclosure proceedings. Defendant would not be bound by notice formally delivered to such an agent. [Luthy v. Northwestern Natl. Ins. Co., 20 S. W. (2d) 299, l. c. 300.]

Furthermore, the evidence discloses that the knowledge 'of Cannon as to commencement of foreclosure proceedings was based entirely on hearsay. He was unable to say whether such hearsay reached his ears three months prior to the loss, or one month prior thereto. The testimony offered was entirely too indefinite and uncertain upon which to ground a claim of notice to defendant of the institution of foreclosure proceedings, even if Cannon had been such an agent as could bind defendant by waiver. The situation here, as to notice, waiver, and estoppel are dissimilar to those obtaining in Patten v. Springfield Fire & Marine Ins. Co., 25 S. W. (2d) 1075, l. c. 1077, where insurer's agent, who received notice of foreclosure proceedings, was its general agent for that purpose. A soliciting agent, such as Cannon, has no power to waive any condition of a policy *after* he has received, and forwarded to his principal, the application. [Rickey v. Mut. Ins. Co., 79 Mo. App. 485.] Mutual Insurance Companies may waive provisions of their policies in the same manner that other companies may (Gabriel v. Farmers' Mut. Fire Ins. Co., 108 S. W. (2d) 628, l. c. 630); but this does not mean that a mere soliciting agent can bind his principle as to a matter occurring long after he solicited the policy and forwarded the application therefor.

Plaintiff also contends that defendant is estopped to deny its liability under the policy for the reason that it retains some unearned premium money paid on the policy by the Guckers and that it has not legally tendered the return of said unearned premium moneys to the Guckers or to anyone else. In support of this contention he

introduced in evidence a· check drawn by defendant, payable to the Guckers, dated February 12, 1937, in the amount of $20.40. This check was inclosed in a letter written by defendant to the Guckers, wherein the latter were notified that defendant denied liability on the policy because foreclosure proceedings had been instituted on the property, with knowledge of insureds, prior to the loss; and stated that the enclosed check represented a return of all unearned premiums paid on said policy by insureds. In connection with the introduction of this evidence the following colloquey between counsel occurred:

"MR. THURLO: Now, I will call your attention to the fact this check has never been cashed.

"MR. BUSTER: Why hasn't it been cashed?

"MR. THURLO: For the first reason, Mr. Buster, that this check was offered in an attempt to get Mr. Gucker to surrender all rights and waive the rights of the mortgagee in and to this policy; and, for the second reason that he said he had taken this policy out for the benefit of the mortgagee, and he wasn't going to do anything that might affect the rights of the mortgagee.

"MR. BUSTER: There has been no attempt on the part of the Defendant not to pay this check.

"MR. THURLO: It has never been presented for payment and never will be. *These exhibits are offered for the purpose of showing that the Defendant Company has denied liability, and has, under the law, then waived the rights to demand a proof of loss.*" (Italics ours.)

From the above colloquey it is apparent that the Guckers would have refused to accept any amount of unearned permiums, had the same been tendered in cash. There is no contention made by plaintiff that $20.40 is not the correct amount of such unearned premiums, nor that cash would have been accepted if tendered. Counsel's statement strongly indicates that no consideration was given to either proposition. Under the circumstances here shown any further tender than that made was waived. The case was tried by appellant, who lost below, on the theory that defendant was liable because excerpts 1 and 3, when read together, constituted a union mortgage clause; that if they did not constitute a union mortgage clause then there was such an ambiguity created thereby as to give reason for application of the rule of construction as to ambiguous provisions of insurance policies; and that defendant had notice of the beginning of foreclsure proceedings and, by its silence, waived its right to exact a forfeiture for the violation of the provisions of excerpt 2, *supra*.

No contention is made now that the unearned premium, if tendered in cash, would have been received, or that same was tendered out of time. The check was never rejected but was simply held, without complaint, for more than a year; and at time of trial counsel made

the statements above quoted. We hold that the record, as made by plaintiff himself, positively discloses that any tender of unearned premiums would have been refused. Such being true a tender was unnecessary and an idle gesture. [Smith v. Means, 170 Mo. App. 158, l. c. 170; 62 C. J. 658, 659.] If the record were otherwise than it is, the point might be ruled differently; being as it is we rule it against plaintiff.

From what we have said we have inferentially held that the court did not err as to his rulings regarding declarations of law asked, given and refused. The judgment is for the right party and it is affirmed. *Campbell, C.*, not sitting.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.