KIRCHNER et ux.

v.

FARMERS' MUT. FIRE INS. CO.

No. 28665.

St. Louis Court of Appeals.

Missouri.

April 20, 1954.

Craig Hiller, Kahoka, H. M. Jayne, Memphis, E. W. McManus, Keokuk, Iowa, for appellants.

Rendlen & Rendlen, Hannibal, Joseph Gutting, Kahoka, J. B. Smoot, Memphis, for respondent.

ADAMS, Special Judge.

This is a suit on a fire insurance policy wherein plaintiffs-appellants, husband and wife, seek recovery for loss of their residence and the contents thereof which were destroyed by fire.

On February 1, 1945, defendant-respondent issued a five year policy to plaintiffs. All dues and assessments were paid to and including an assessment for $16.65 on January 19, 1949, covering the period to February 1, 1950.

The policy was in standard form and contained, among others, the following provision:

"Unless otherwise provided by agreement in writing added hereto this Company shall not be liable for loss or damage occurring,—

"Other Insurance (a) while the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by this Policy;"

On several occasions during the spring of 1948 plaintiffs contacted defendant's secretary about their need for more insurance and were told that he would take it up with defendant's board. The latter part of June, 1948, plaintiff Isabel Kirchner told the secretary that if he wasn't going to take up the matter of more insurance with the board,

she would get it elsewhere. On July 14, 1948, without further advising defendant, she took out a fire policy with another company covering the same property as defendant's policy.

According to plaintiffs' evidence, in July or August, 1948, Mrs. Kirchner told defendant's secretary of the additional insurance and showed him the new policy. This was denied by the secretary who testified he had no notice or knowledge of such other insurance until after the fire.

On January 11, 1950, plaintiffs' residence and its contents were destroyed by fire. The day after the fire, plaintiff Grover Kirchner called at defendant's office, informed its secretary of the fire, and made out proof of loss. As he was leaving the office he told the secretary that Mrs. Kirchner had taken out additional insurance and the secretary said he didn't know "how we are sitting."

As a result of a "meeting of the officers", defendant wrote Mr. Kirchner, under date of February 7, 1950, denying liability because the additional insurance carried by plaintiffs voided the policy.

On March 6, 1950, at the first meeting of defendant's board after the letter was mailed, defendant's secretary was instructed to issue a check to plaintiffs. A check dated March 9, 1950, for $16.28, with notation, "for refund on policy No. 158, Jan. 15, 1949—PMT for 2–1–49 assessment" was made out to Mr. Kirchner. Within less than a week or ten days after the check was written, Mr. Kirchner again called at defendant's office. The secretary handed him a sealed envelope containing the check and told him it was a check for refund on the policy. He refused to accept it.

In his testimony Mr. Kirchner stated that he would and did refuse "the amounts you paid on the policy."

The petition is in conventional form and sought recovery of $4,500.00, the face of the policy.

Defendant plead avoidance of the policy because of the taking out of additional in-

surance and tendered $16.65 and "any and all amounts received from plaintiffs as premiums, assessments, fees or other charges on account of the issuance of said policy."

In their reply plaintiffs admitted the additional policy, but plead waiver of the forfeiture by defendant's acceptance of an assessment after notice and knowledge of such additional insurance and by failing to make a timely and sufficient tender of unearned premiums. They also charged that the "other insurance" clause was invalid because neither defendant's constitution nor by-laws prohibited other insurance or imposed a forfeiture in the event of same.

At the close of the evidence defendant orally renewed the tender made in its answer and in addition, offered to pay court costs.

Thereafter, and before submitting instructions to the Court, plaintiffs orally requested the withdrawal of the issue of forfeiture.

The issues submitted to the jury were:

1. Forfeiture of the policy because of additional insurance;

2. Waiver of such forfeiture because:

(a) Defendant's notice and knowledge of other insurance and acceptance of subsequent assessment, and

(b) Failure to make timely and legal tender of unearned premiums after the fire and discovery of other insurance.

The jury returned a 9–3 verdict in favor of defendant. After an unsuccessful motion for new trial, plaintiffs appealed.

Plaintiffs seek a reversal because (1) defendant's failure to make timely and legal tender of the unearned premiums and assessments; (2) error of the trial court in overruling plaintiffs' motion for a new trial on the ground that the verdict was contrary and opposed to the weight of the evidence; (3) error in receiving and considering improper evidence of value; and (4) the provision for forfeiture or suspension of the policy on taking out ad-

ditional insurance was not binding because not authorized by the constitution or by-laws.

If the last point is well taken, consideration of the first two becomes unnecessary. We, therefore, consider the last first.

As a necessary incident to its insurance business, defendant was authorized to make such provisions and conditions in its policy of insurance as are valid and reasonable. Ramsey v. Farmers' Mutual Ins. Co. of Macon, Mo., 234 Mo. App. 1102, 139 S.W.2d 1027, 1029(3–5). Provisions prohibiting additional insurance are valid and reasonable. Cox v. Owensville Mutual Benefit Aid Ass'n, Mo.App., 185 S.W.2d 28, 30; Beazell v. Farmers' Mutual Ins. Co. of Livingston County, 214 Mo.App. 430, 253 S.W. 125, 129 (6,7); Rogers v. Home Insurance Company of New York, 155 Mo.App. 276, 280, 136 S W. 743. The parties had a right to contract that the policy would be suspended in the event additional insurance was procured. Such plain terms of a contract cannot be disregarded. Beazell v. Farmers' Mutual Ins. Co. of Livingston County, supra. Courts will not by judicial interpretation make a different contract than that made by the parties themselves. Ramsey v. Farmers' Mutual Ins. Co. of Macon, Mo., supra.

The "other insurance" clause is valid and was binding on plaintiffs unless its enforcement was waived by defendant.

On conflicting and substantial evidence, the jury found that defendant did not have notice or knowledge of the policy taken out by plaintiffs in July, 1948 until after the fire. Its acceptance of the assessment in January, 1949, did not, therefore, constitute a waiver of the provisions of the other insurance clause.

Before considering the sufficiency of defendant's tender, its necessity must be determined.

By the terms of the policy, liability thereunder was merely suspended "while

the insured shall have any other contract of insurance." Consequently, no tender of "unearned" assessments was required in order for defendant to make the defense of "other insurance." Schaefer v. Home Ins. Co., 239 Mo.App. 586, 194 S.W. 2d 718, 722(1, 2), (3); Cox v. Owensville Mutual Benefit Aid Ass'n, Mo.App., 185 S.W.2d 28, 30; Bridgewater v. General Exchange Ins. Corporation, 234 Mo.App. 335, 131 S.W.2d 220, 222(1), 225(4).

Defendant nevertheless tried the case on the theory that the policy was void and a tender was necessary. It now takes the position that the policy was only suspended and no tender was required. Plaintiffs, relying on Cox v. Owensville Mutual Benefit Aid Ass'n, supra, 185 S.W.2d at page 30(1, 2), seek to invoke the rule prohibiting a party from shifting its position on appeal.

The right to invoke this rule, however, is not without limitation. While it may be invoked by a respondent, it is not always available to an appellant. The reversal of a judgment must be based on the theory upon which the cause was submitted and decided under the pleadings and evidence of the losing party. On the other hand, an appellant should not be permitted to object to the affirmance of a judgment on any theory if as a matter of law the "new" theory sustains the judgment appealed from. Gulf, Mobile & Ohio R. Co. v. Williamson, 8 Cir., 191 F.2d 887, 893(8).

The instant case illustrates the wisdom of this distinction. Defendant herein does assert a defense different from that made at the trial but one which under the admitted facts precludes recovery on the policy; one necessitating a directed verdict in favor of defendant on a new trial. What, therefore, can be accomplished by considering plaintiffs' assignment of error on this issue as tried below? If error be found and a new trial granted, how would it profit plaintiffs? Appellate courts will not encourage litigation by granting a new trial which could not benefit the litigant. Booth v. Hairston, 193 N.C. 278, 136 S.E. 879, 57 A.L.R. 1186, 1189.

Since defendant was not required to make any tender, whether its attempt to do so was timely or legal is of no consequence. We need not, therefore, consider this assignment further.

Neither is it necessary that we consider other assignments relating to the weight of the evidence, or evidence on values.

Judgment is affirmed.

ANDERSON, P. J., and BENNICK, J., concur.