**CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, Appellant,**

v.

**MANUFACTURERS ACCEPTANCE CORPORATION, Appellee.**

Supreme Court of Tennessee.

Dec. 13, 1976.

Benton H. Jones, Knoxville, for appellant.

L. B. Bolt, Jr., Knoxville, for appellee.

### OPINION

BROCK, Justice.

This is an action to recover upon an insurance policy insuring against loss of a motorcycle by theft. The named insured, Robert L. Jackson, the owner of the motorcycle, is not a party to the action. Instead, the suit was brought by the Manufacturers Acceptance Corporation (MAC), appellee, in its capacity as chattel mortgagee of the motorcycle and as the "loss payee" named in the policy of insurance.

The defendant insuror, Central National Insurance Company of Omaha, appellant, defends upon two grounds, viz., (1) that MAC, as chattel mortgagee and the "loss payee" named in the insurance policy, is not a party entitled to receive the benefits of the policy and, for that reason, is not entitled to maintain this action and (2) that the defendant insurer is under no obligation to pay this loss, if any, because the named insured, Jackson, has failed to give notice, file a proof of loss or otherwise comply with the conditions stipulated in the policy. The case was submitted to the Chancellor upon a written stipulation of facts and he found the issues in favor of the plaintiff, MAC, and awarded a decree accordingly.

### I

The named insured, Jackson, borrowed from the appellee, MAC, the money used for the purchase of the motorcycle and secured his debt by a promissory note and a chattel mortgage. One of his obligations under the chattel mortgage was to keep the motorcycle insured against loss by theft, it being stipulated that "loss if any, (would be) payable to said mortgagee, its successors and assigns." Complying with this obligation, Jackson purchased a policy of insurance from the appellant. In the policy Jackson was named as the "named insured" and the plaintiff, Manufacturers Acceptance Corporation, was named as "loss payee." The portions of the policy and declarations material to the question whether or not MAC is entitled to the proceeds of the policy are as follows:

"The Central National Insurance Company of Omaha agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to all the terms of this policy as stated hereinafter: . . . .

"Coverage G—To pay for loss of or damage to the owned motorcycle caused by theft or larceny. . . . ,

\*     \*     \*     \*     \*     \*

"Item 3. Loss, payee, address, and zip code—'Manufacturers Acceptance Corporation, 200 5th Avenue, Knoxville, Tennessee.' "

Admittedly, these provisions are skimpy. However, in our opinion, they are sufficient, when coupled with the covenant by Jackson in the chattel mortgage that he would keep the motorcycle insured against loss by theft and that such loss, if any, should be payable to the mortgagee, its successors and assigns, to give the loss payee, MAC, the right to receive the proceeds of the policy to the extent of the debt owed by the mortgagor to the mortgagee at the time of loss. This is sufficient evidence to make out a contract, implied in fact, that the mortgagee, MAC, as "loss payee," should be entitled as a third party beneficiary to receive so much of the proceeds of a loss as equals the debt owing to it under the chattel mortgage. See *Donaldson v. Sun Mutual Insurance Co.,* 95 Tenn. 280, 32 S.W. 251 (1895); 46 C.J.S. Insurance §§ 1147, 1183. Therefore, we hold that MAC is entitled to maintain this action upon the policy.

## II

This insurance contract does not contain any provision, sometimes called "standard" or "union" mortgage clause, protecting the interest of the mortgagee from acts or omissions of the insured-mortgagor which, under the terms of the policy, may operate to invalidate the coverage. Therefore, invalidating acts or omissions of the insured-mortgagor operate not only to defeat his own rights but those of the mortgagee as well. *Hocking v. Virginia Fire & Marine Ins. Co.*, 99 Tenn. 729, 42 S.W. 451 (1897); *Ramsey v. Farmers' Mut. Ins. Co. of Macon, Mo.*, 234 Mo.App. 1102, 139 S.W.2d 1027 (1940); *Provident Fire Ins. Co v. Union Trust Corp.*, 195 Va. 415, 78 S.E.2d 584 (1953); *Green v. Fidelity-Phenix Fire Ins. Co.*, 233 N.C. 321, 64 S.E.2d 162 (1951); *Coahoma County Bank & T. Co. v. Feinberg*, 241 Miss. 381, 128 So.2d 562 (1961); *Reserve Ins. Co. v. Aguilera*, 181 Neb. 605, 150 N.W.2d 114 (1967); 11 *Couch on Insurance 2d*, 334, § 42:671. *Contra: Southern Ins. Co. v. First National Bank at Orlando*, 237 So.2d 302 (Fla.App.1970).

In the *Ramsey* case, *supra*, the loss payable clause provided that "Loss or damage . . . shall be payable to . . . mortgagee, as his interest may appear at the time of loss . . . ." Prior to the loss, the mortgage had been foreclosed thus breaching a condition of the policy. In denying a recovery to the mortgagee, the Court noted that this was an "open" and not a "union" mortgage clause and said:

"A 'union' clause establishes a separate contract of insurance between the mortgagee and the insurer, which contract may not be nullified by any act of insured alone. . . .

"An 'open' mortgage clause makes the rights of the mortgagee dependent upon acts of omission and commission by insured. Under such a clause the mortgagee's rights are no greater than those of insured." 139 S.W.2d at 1029.

In *Reserve Ins. Co. v. Aguilera*, *supra*, the bank, mortgagee, claimed under a clause which made it the loss payee, as interest may appear. In denying a recovery because of the fraudulent representations made by the insured to the insurer, the Court, after noting that it is otherwise when the mortgagee is protected by a "standard" or "union" mortgage clause providing that no act or neglect of the insured shall prejudice the loss payee, said:

". . . the general rule is that under a simple loss payable clause in a policy of insurance issued to a mortgagor and payable to the mortgagee, as his interest may appear, the mortgagee is simply an appointee of the insurance fund whose right of recovery is no greater than the right of the mortgagor." 150 N.W.2d at 117.

We hold that MAC has no greater right to recover under this policy than Jackson, the named insured, would have.

It is our further conclusion that Jackson has breached material conditions of the policy in that he has failed, without excuse, to file a sworn proof of loss and has refused to respond to repeated requests of the insurer that he make himself available to the Company for discussion of the alleged loss. The policy clearly requires that he perform these acts, and conditions the liability of the Company upon their performance. The breach of such conditions, unless waived by the insurer, prevents a recovery upon the insurance contract; and, there is no such waiver here. *Georgia Home Ins. Co. v. Jones, et al.*, 23 Tenn.App. 582, 135 S.W.2d 947 (1939); *Cohen v. Commercial Cas. Ins. Co.*, 277 Mass. 460, 178 N.E. 726 (1931); 7 *Am.Jur.2d* 466, Insurance, § 139. The filing of the requisite *proof of loss* may, obviate the necessity for giving *notice of loss*, but the giving of *notice of loss* does not satisfy the requirement that *proof of loss* be filed. *Georgia Home Ins. Co. v. Jones, et al.*, *supra*. The failure of the insured, Jackson, to perform these conditions prevents a recovery by the loss payee, MAC.

The decree of the trial court is reversed and the complaint is dismissed. Appellee will pay the costs incurred upon appeal.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.