57 F.3d 1072
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Dallas WHARTON, Plaintiff-Appellant,
v.
STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Defendant-Appellee,
and
State Farm General Insurance Company, Defendant.
 No. 94-5095.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1995.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; HILLMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Dallas Wharton brought the instant action after defendant State Farm Fire and Casualty Insurance Company ("State Farm") refused to pay for the loss by fire of his insured rental property. State Farm refused to pay on the grounds that the fire was intentionally set by plaintiff and that plaintiff breached his insurance contract by failing to provide documents reasonably required by State Farm. A jury found that the fire had not been intentionally set by plaintiff, but found that plaintiff had breached the contract of insurance by failing to provide the required documents. Plaintiff now appeals.
 
 
 2
 Plaintiff argues that the District Court should have granted him a judgment as a matter of law or a new trial. He contends that the court improperly allowed State Farm to present evidence relating to his divorce and to characterize his conduct during the divorce as "illegal." Finally, plaintiff asserts that the court's comments and interjections during his testimony showed that the court was biased. Finding no error, we affirm the District Court in all respects.
 
 I.
 
 3
 Plaintiff purchased a rental dwelling in 1988 for approximately $49,600 and insured it with State Farm. At the time of the fire loss, the premises were rented to a tenant and were for sale.
 
 
 4
 In October, 1991, plaintiff and his wife Barbara Wharton divorced. Under the terms of the divorce agreement, plaintiff was required to pay Mrs. Wharton $42,500 in cash. Half of this amount was due within 24 hours of the divorce and the other half was due one hundred twenty days later. Plaintiff borrowed the initial $21,250 payment from the credit union. His attempt to borrow the second $21,250 was rejected.
 
 
 5
 On December 29, 1991, at 1:00 a.m., a fire destroyed the rental dwelling. Plaintiff testified that he was home asleep at the time of the fire. The fire appeared to be of incendiary origin.
 
 
 6
 As part of State Farm's investigation of this claim, State Farm examined plaintiff under oath on July 21, 1993. At first, plaintiff refused to answer State Farm's question concerning how he intended to pay the remaining amount due his former wife. (Joint App. 84, 154). Plaintiff eventually stated that he was going to pay her with $22,000 which he had buried in a fruit jar in his yard. Plaintiff said that he had taken the money from a checking account held jointly with his former wife. Plaintiff agreed to dig up the fruit jar in the presence of his attorney and have his attorney submit an affidavit to the effect that the attorney had seen and counted the money. Plaintiff later gave a number of conflicting statements as to the source of the fruit jar cash.
 
 
 7
 At trial, he attempted to explain why he had given conflicting stories about his finances. He testified that he did not think that his finances vis-a-vis his divorce pertained to the burning of the house. State Farm asserted that it was entitled to information regarding plaintiff's finances since such information shed light on a possible motive to burn the property.
 
 II.
 
 8
 Plaintiff first complains that the District Court erred in failing to grant him a directed verdict, or judgment as a matter of law. Under FED.R.CIV.P. 50, a motion for judgment as a matter of law must be made before the submission of the jury verdict and then renewed, if necessary, after the jury verdict. Jackson v. City of Cookeville, 31 F.3d 1354, 1357-58 (6th Cir.1994). Plaintiff made no pre-verdict motion, thus we may not review the matter on appeal. Id. at 1358.
 
 
 9
 Plaintiff argues that he is entitled to a new trial because of the great weight of the evidence that he had not breached his insurance contract. Plaintiff's insurance policy with State Farm contains the following language with respect to plaintiff's duties after a loss:
 
 
 10
 2. Your Duties After Loss. In case of a loss to which this insurance may apply, you shall see that the following duties are performed:
 
 
 11
 d. as often as we reasonably require:
 
 
 12
 (2) provide us with records and documents we request and permit us to make copies....
 
 
 13
 8. Suit against us. No action shall be brought unless there has been compliance with the policy provisions....
 
 
 14
 Under Tennessee law, failure of an insured to perform conditions stated in a policy prevents his or her recovery. Central Nat'l Ins. Co. v. Manufacturers Acceptance Corp., 544 S.W.2d 362, 364 (Tenn.1976). In Central National, the Tennessee Supreme Court found that the insured had failed, without excuse, to file a proof of loss and refused to make himself available to discuss the loss, despite the insurer's repeated requests. The court stated that:
 
 
 15
 [t]he policy clearly requires that [the insured] perform these acts, and conditions the liability of the Company upon their performance. The breach of such conditions, unless waived by the insurer, prevents a recovery upon the insurance contract....
 
 
 16
 Id. at 364.
 
 
 17
 We find that there is material evidence to support the jury's conclusion that plaintiff breached the insurance contract by failing to cooperate. It was undisputed that he had agreed to produce an affidavit from his attorney concerning the contents of the fruit jar and that he failed to do so. It was also undisputed that he did not supply copies of the bank statements showing the accounts from which the fruit jar money had been withdrawn. These requests were both reasonable and material to State Farm's investigation. The evidence was not overwhelmingly against the jury's verdict.
 
 
 18
 Relying on an unreported decision from the Tennessee Court of Appeals, Thaxton v. Allstate Insurance Co., No. 87-251-II, 1988 Tenn.App.LEXIS 102 (Tenn.Ct.App. March 18, 1988), plaintiff argues that an insurer must show that the insurer was "substantially prejudiced" by the insured's failure to cooperate in order for there to be a breach of the policy. The jury instructions used at trial required State Farm to prove only that its requests for documents were reasonable and that plaintiff failed to comply with at least one of these requests. Because plaintiff did not ask the District Court to add "substantial prejudice" to these jury instructions at the time of trial, we are precluded from considering this issue absent plain error.
 
 
 19
 We found no reported cases from Tennessee courts discussing whether substantial prejudice is required. In Central National, the Tennessee Supreme Court concluded that the insured "ha[d] breached material conditions of the policy," 544 S.W.2d at 364, but did not address the issue of prejudice. Thus, any error here was not plain because Tennessee law on this issue is not clear.
 
 III.
 
 20
 Plaintiff next contends he was prejudiced by the District Court's admitting into evidence facts concerning his divorce. We review a district court's rulings concerning the admission of allegedly prejudicial evidence for abuse of discretion. Cathey v. Johns-Manville Sales Corp., 776 F.2d 1565, 1575 (6th Cir.1985), cert. denied, 478 U.S. 1021 (1986).
 
 
 21
 The District Court properly admitted the evidence concerning the divorce. State Farm had asserted that defendant had intentionally set the fire as a defense for its nonpayment of the claim. State Farm had the burden of proving by a preponderance of the evidence that "the loss was due to a fire of incendiary origin, that the insured had an opportunity to set the fire, and that he had a motive to do so." McReynolds v. Cherokee Ins. Co., 815 S.W.2d 208, 211 (Tenn.Ct.App.1991). Under Tennessee law, "[t]he rule as to admissibility of circumstantial evidence is liberal in such a case." Id. Proof of the financial obligations placed on plaintiff by the divorce action was highly relevant to the issue of motive. Evidence concerning the divorce was therefore properly admitted.
 
 
 22
 The District Court also properly admitted evidence concerning defendant's concealment of assets from his wife during the divorce. On direct examination plaintiff testified that he had saved money without his wife's knowledge. (Joint App. 75). This opened the door for further inquiry by State Farm, especially because the source and therefor the existence of the fruit jar money was relevant to a potential motive for the alleged arson.
 
 
 23
 Plaintiff further argues that he was prejudiced by the District Court's references to his concealment of assets during the divorce as "illegal". During the divorce proceedings, the state court entered an order prohibiting plaintiff from dissipating assets. State Farm attempted several times to get plaintiff to admit that his hiding of marital property violated the court's order and was thus illegal. (Joint App. 271-73). The District Court allowed this testimony on the grounds that it was relevant to plaintiff's credibility and honesty.
 
 
 24
 State Farm has not produced any authority to demonstrate that hiding marital assets is a crime in Tennessee, although this conduct certainly could be regarded as dishonest. Assuming, arguendo, that hiding marital assets is not illegal, plaintiff cannot demonstrate prejudice. Plaintiff admitted that he had failed to report all his income on his federal tax returns, conduct the jury could infer was also illegal. (Joint App. 379). Moreover, the jury found in plaintiff's favor with respect to the origin of the fire in the rental dwelling. This was the issue for which references to illegality would have been prejudicial, not the breach of contract issue.
 
 IV.
 
 25
 Plaintiff next asserts that the court was biased against him and unnecessarily interjected itself into the case during his testimony. To support this contention, plaintiff points to thirty-nine instances in the record where he contends the court's interruptions and questions demonstrated the court's partiality.
 
 
 26
 It is well within the province of the trial court's discretion to ask questions of witnesses, especially for purposes of clarification or eliminating immaterial matters. See, e.g., FED.RE.EVID. 614; Vasey v. Martin Marietta Corp., 29 F.3d 1460, 1469 (10th Cir.1994); Ross v. Black & Decker, Inc., 977 F.2d 1178, 1186-87 (7th Cir.1992), cert. denied, 113 S.Ct. 1274 (1993); Hanson v. Waller, 888 F.2d 806, 812-13 (11th Cir.1989). The District Court only abuses its discretion if the court "abandons [its] proper role and assumes that of [an] advocate." FED.R.EVID. 614; Ross, 977 F.2d at 1187; Hanson, 888 F.2d at 813.
 
 
 27
 We have carefully reviewed the record and have concluded that the court acted properly in its interruptions and questions of the witness. In some instances the court attempted to save time. For instance, plaintiff's counsel forgot that plaintiff had already testified concerning the acreage of the farm. Plaintiff's counsel asked him, "[h]ow many--did you say how many acres there were?" The trial court stated, "He said he had 49 acres, makes a hay crop and has some cows." (Joint App. 31). In another of the instances pointed to by plaintiff the court merely asked plaintiff to repeat his answer because the court did not hear it. (Joint App. 38). The court also properly asked for clarification when it believed plaintiff's answers were unclear. For instance, plaintiff testified that State Farm refused to accept his proof of loss. The court required plaintiff to explain whether "refused to accept" meant that State Farm physically refused to take the form or whether State Farm had possession of the form and wouldn't honor the claim. (Joint App. 229). Although the court did make one statement that plaintiff was "plenty weird," this was said during a bench conference with counsel and in response to plaintiff's counsel's statement that plaintiff was "a weird person." (Joint App. 112). In short, none of the interjections referred to by plaintiff demonstrate bias on the part of the judge.
 
 
 28
 While we agree with plaintiff that the court's response to a jury question used an inappropriate hypothetical, it later gave a curative instruction at plaintiff's request. (Joint App. 274-77). Moreover, the response related to the issue of whether plaintiff had set the fire, an issue on which the jury found for plaintiff.
 
 V.
 
 29
 For the foregoing reasons, we AFFIRM the District Court.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States Senior District Judge for the Western District of Michigan, sitting by designation