Garsh, J.
Pursuant to G.L.c. 90, §34M, the plaintiff, Antonio Barbosa (“Barbosa”), brings this action to recover personal injury protection (“PIP”) benefits for injuries arising out of an automobile accident alleged to have occurred on September 3, 1993. According to the plaintiff, a stolen vehicle struck a car in which he was a passenger. The defendant, Commerce Insurance Company (“Commerce”), the insurer of the car in which the plaintiff was riding, now moves for summary judgment on the grounds that Barbosa is precluded from recovering because he refused to submit to an examination under oath. For the reasons stated below, Commerce Insurance Company’s motion for summary judgment is ALLOWED.
BACKGROUND
The following facts are undisputed:
Barbosa claims that he was injured on September 3, 1993 when a stolen vehicle struck a car in which he was a passenger. Commerce insured the car in which the plaintiff was riding. Following notice of the incident, Commerce commenced an investigation to evaluate the existence of a covered loss and the nature and extent of Barbosa’s claimed damages.
As part of its investigation and pursuant to the standard Massachusetts Automobile Insurance Policy (6th ed.) (“Policy”), Commerce sought an examination under oath from Barbosa. The Policy provides that when there is an accident or loss, the insurer may “require you and any person seeking payment under any part of this policy to submit to an examination under oath at a place designated by us, within a reasonable time after we are notified of the claim.” The Policy also provides that “failure to cooperate with [the insurer] may result in the denial of your claim.”
*316 On March 25, 1994, Commerce advised Barbosa, through his counsel, that his examination under oath had been scheduled for April 12, 1994. The notice advised that if the date was not convenient for Barbosa or his attorney or should Barbosa need more time to assemble the requested documents, Commerce would be amenable to rescheduling the examination. On March 28, 1994, Barbosa, through counsel, notified Commerce that Barbosa would not submit to the examination under oath. The sole reason given for his unwillingness to appear was his attorney’s position that an individual who is neither a policyholder nor a householder member of a policyholder cannot be compelled to submit to an examination under oath. A second examination under oath was scheduled for April 25, 1994. Commerce brought the language in the Policy giving it the right to require “any person” seeking payment under any part of the Policy to submit to an examination under oath to the attention of Barbosa’s counsel. But once again, Barbosa refused to submit to such an examination.
On May 1, 1996, Barbosa’s counsel advised Commerce that the law firm had closed its file on Barbosa’s claim and was taking no further action. Approximately two years later, on or about April 28, 1998, Barbosa served Commerce with the instant complaint. At no time prior to the filing of this action did Barbosa appear for an examination under oath or repudiate his previous refusals to submit to such an examination.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’r Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). All evidence in the record is construed in favor of the party opposing the motion. Parent v. Stone & Webster Engineering Corp., 408 Mass. 108, 112-13 (1990).
Submission to an examination under oath when one has been demanded by the insurer is a condition precedent to recovery under an insurance policy and failure to submit to such an examination constitutes a material breach of the insurance contract. Mello v. Hingham Mutual Fire Insurance Co., 421 Mass. 333, 337 (1995) (affirming grant of summary judgment to insurer which denied fire coverage under a homeowners policy because insured invoked privilege against self-incrimination and failed to submit to an examination under oath). See also Cohen v. Commercial Casualty Insurance Co., 277 Mass. 460, 462 (1931) (insured’s failure to submit to an examination in New York where the loss occurred and where employees were familiar with the claim violated essential condition of the insurance policy justifying denial of coverage). Massachusetts law conforms with the general principle that submission to an examination under oath, so long as the request is reasonable, is strictly construed as a condition precedent to the insurer’s liability. “It is the law in most jurisdictions that the submission to an examination, if the request is reasonable, is strictly construed as a condition precedent to the insurer’s liability . . . This court agrees with these authorities.” Mello, 421 Mass, at 337 (citations omitted). See also 13A Ronald A. Anderson, Couch’s Cyclopedia of Insurance Law §49A:361 (2d rev. ed. 1982 & Supp. 1998) (Basically, the failure to submit to an examination under oath is a material breach of the policy which will relieve the insurer of its liability to pay); 5A John Alan Appleman & Jean Appleman, Insurance Law and Practice §3549 (1970 & Supp. 1998).
Barbosa argues that he is not bound by any condition precedent in the policy because, as a passenger, there is no privity between him and the insurer. Privily is not required. Barbosa brings this action pursuant to G.L.c. 90, §34M. That statute requires every motor vehicle liability policy issued in the Commonwealth to provide PIP benefits in lieu of damages otherwise recoverable by the injured person in tort as a result of an accident occurring within the Commonwealth. A policy’s PIP provisions provide for payment — without regard to negligence or fault of any kind — to the named insured, members of the insured’s household, any authorized operator or passenger of the insured’s, or any pedestrian struck by the insured’s motor vehicle of reasonable expenses incurred within two years from the date of the accident for necessary medical services, lost wages or salary, expenses incurred by virtue of engaging others to do work that the injured would had done were it not for the injury, and loss by reason of diminution of earning power with respect to a person not employed at the time of the accident, to the amount or limit of at least eight thousand dollars on account of injury to any one person. G.L.c. 90, §34A. Every owner or operator of a motor vehicle to which PIP benefits apply who would otherwise be liable in tort is made exempt from tort liability to the extent that the injured party is entitled to recover PIP benefits. G.L.c. 90, §34M. If a person claiming or entitled to PIP benefits brings an action in tort against the owner or person responsible for the operation of such a vehicle, PIP benefits are not due and payable until a settlement is reached or judgment rendered in the action, whereupon the benefits then due are reduced to the extent that they have been included in the judgment or settlement. Id. A claim for PIP benefits must be presented to the insurer as soon as practicable after an accident. Id. The injured party is required by statute to submit to physical examinations by physicians selected by the insurer and to do all things necessary to enable the insurer to obtain needed information to *317 assist in determining the amounts due. Id. PIP benefits are due and payable as loss accrues upon receipt of reasonable proof of the fact and amount of expenses and loss incurred. Id. Where PIP benefits due and payable remain unpaid for more than thirty days, the person to whom such benefits are due “shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payment...” Id. In such a suit, “ [n] oncooperation of an injured party shall be a defense to the insurer ...” Id.
The statute has the effect of giving third-party beneficiary status to a passenger or pedestrian, entitling such an individual, despite lack of privity, to bring a contract action for PIP benefits due under a motor vehicle liability policy. A third-party beneficiary of a liability insurance policy steps into the shoes of the insured and, therefore, is bound by conditions precedent in the insurance policy. State Farm Lloyds Insurance Co. v. Maldonado, 963 S.W.2d 38, 41 (Tex. 1998). Cf. Rae v. Air Speed, Inc., 386 Mass. 187, 196 (1982). Nothing in G.L.c. 90, §34M, which gives Barbosa the right to commence an action in contract against Commerce for payment of PIP benefits allegedly due and payable, purports to relieve him from the operation of conditions precedent contained in the Policy.
Barbosa alternatively contends that the language in the Policy permitting the insurer to require “any person seeking payment under any part of this policy to submit to an examination under oath" should be construed as not applicable to him because the wording at issue is vague and overbroad. It is neither. The fair meaning of the language in the standard Massachusetts Automobile Insurance Policy — language that is controlled by the Commissioner of Insurance— could hardly be more clear, and Barbosa plainly falls within the category of “any person seeking payment under any part of [the] policy.” Barbosa’s overbreadth argument is premised upon the contention that the phrase “any person” is overbroad because it could subject an injured person who claims PIP benefits to submit to an examination under oath before commencing a tort action for fault-related damages. Allowing an insurer to ferret out potentially false or exaggerated claims through an examination under oath is consistent with, and indeed a necessary part of, the statutory no-fault scheme designed to guarantee the prompt payment of PIP benefits by the insurer without regard to fault.
Finally, relying on Darcy v. Hartford Insurance Co., 407 Mass. 481 (1990), Barbosa contends that Commerce is not entitled to entry of judgment in its favor because it has not demonstrated that any actual prejudice flowed from Barbosa’s refusal to submit to an examination under oath. In Darcy, the Supreme Judicial Court reiterated that an insurer must show prejudice in order to disclaim liability for an insured’s delay in notice of a claim, and it held that an insurer must show prejudice in order to disclaim liability for failure to cooperate in the defense in the event of a lawsuit by attending hearings and procuring relevant evidence and witnesses. The Court rejected the construction of such clauses as conditions precedent. Id. at 489. See also Johnson Controls, Inc. v. Bowes, 381 Mass. 278, 282 (1980) (failure to comply with notice requirement in insurance policy does not constitute breach of contract in the absence of proof of prejudice to insurer). But this case does not concern a failure-to-provide-timely-notice clause or a failure-to-cooperate-in-defense-of-a-lawsuit clause. In Mello, the Court declined to extend the Johnson and Darcy holdings to a failure-to-submit-to-an-examination-under-oath clause in an insurance policy. It held that a clause requiring submission to an examination under oath is to be strictly construed as a condition precedent and cited with support cases such as Standard Mutual Insurance Co. v. Boyd, 452 N.E.2d 1074 (Ind.Ct.App. 1983). In Standard Mutual Insurance Co., the court rejected the argument that an insurer must show prejudice and held that failure to appear and submit to examination under oath, as required by the insurance contract, constitutes an absolute defense to an action on the policy by the insured. Id. at 1077-78. See also Goldman v. State Farm Fire General Insurance Co., 660 So. 2d 300, 306 (Fla.Dist.Ct.App. 1995) (distinguishing failure to cooperate in defense clauses and concluding that failing to submit to an examination under oath precludes insured’s action on the policy regardless of showing of prejudice by insurer), reh’g denied, 670 So.2d 938 (1996). Accordingly, Darcy does not compel the conclusion that, in an action seeking PIP benefits, an insurer needs to prove actual prejudice to justify its refusal to provide PIP benefits on the grounds that the allegedly injured party refused to submit to an examination under oath.
The statutory scheme for PIP benefits supports the proposition that Commerce need not show prejudice in order to deny benefits for failure to comply with a requirement in the Policy that a person claiming benefits submit to an examination under oath. G.L.c. 90, §34M explicitly requires a claimant to do all things necessary to enable the insurer to obtain needed information to assist in determining the amounts due, and it further provides that noncooperation of an injured party shall be a defense to the insurer. Nothing in the statute requires that prejudice be shown by the insurer. Contrast G.L.c. 175, §112 (insurance coverage shall not be denied because of failure of an insured to seasonably notify insurer of an occurrence which may give rise to liability “unless the insurance company has been prejudiced thereby”).
In twice refusing to submit to Commerce’s request for an examination under oath for no reason other than that Barbosa was not a named policyholder or household member of a policyholder, Barbosa materi *318 ally and substantially breached a condition precedent to recovery under the Policy. He is not, therefore, entitled to recover PIP benefits under the Policy.
ORDER
For the foregoing reasons, it is ORDERED that Commerce Insurance Company’s motion for summary judgment be and hereby is ALLOWED.