Fecteau, J.
Plaintiffs brought this action to recover personal injury protection (“PIP”) benefits from Defendant Safety Insurance Company (“Safety”), for injuries arising out of an automobile accident. Plaintiffs also seek compensation for alleged unfair and deceptive acts in Safety’s handling of their insurance claim. Each plaintiff brings counts against Safety alleging breach of contract; violátions of G.L.c. 90, §34M; and, violations of G.L.c. 93A and/or c. 176D. Safety now moves for summary judgment on all counts of the Complaint. For the reasons set forth below, Safety’s motion for summary judgment is ALLOWED.
BACKGROUND
The undisputed material facts as established by the summary judgment record are as follows. The plaintiffs claim that they were injured on October 14, 1997, when another vehicle struck the vehicle in which they were riding. Plaintiff Peter Ho Thach was the operator of the vehicle insured to plaintiff Trung M. Tran under a standard Massachusetts Automobile Insurance Policy (the “Policy”) with Safety.
Following notice of the October 14, 1997 incident, Safety commenced an investigation to evaluate the existence of a covered loss. Safety’s initial adjuster obtained a statement from the adverse operator that her vehicle “tapped” Tran’s vehicle and that neither car was appeared to be damaged. The adverse operator also stated that there were only two men in Tran’s vehicle. Plaintiff Men To reported that the two vehicles “bumped” one another and that there were three men in Tran’s vehicle. Appraisals of the Tran vehicle de.pleted extensive damage inconsistent with descriptions of the accident.
November 11, 1997 the initial adjuster referred plaintiffs’ claim to Safety’s Special Investigation Unit and Safety mailed a “reservation of rights” letter to Plaintiff Tran. Counsel for Tran responded on November 24, 1997 that the “reservation of rights” letter constituted a breach of the insurance contract and he conditioned his clients’ (plaintiffs Tran and Thach) cooperation with the investigation on Safety making an affirmation of its coverage for their claim. Safety refused to affirm coverage and continued acting under its reservation of rights. On January8, 1998, Plaintiffs executed PIP forms claiming injuries to the head, neck, shoulders and back. A PIP form is a formal application for PIP benefits giving an insurer the right to apply for a claimant’s medical reports and records. Safety received this form on January 13, 1998.
The Policy provides that when there is an accident or loss, the insurer may “require [the insured] and any person seeking payment under any part of this policy to submit to an examination under oath, at a place designated by [the insurer], within a reasonable period of time after [the insurer] notified of the claim . . .” It also provides that “failure to cooperate with [the insurer ] may result in the denial of [the insured’s] claim. ” Pursuant to this provision and after receipt of plaintiffs’ PIP forms, on January 15, 1998 Safety’s attorney advised plaintiffs through counsel, that an examination under oath had been scheduled for February 2, 1998. The notice requested that plaintiffs notify Safety’s attorney if the date was inconvenient. Plaintiffs’ attorney informed Safety that plaintiffs would not submit to an examination under oath until Safety affirmed coverage of their claims. Neither plaintiffs nor their attorney appeared at the scheduled examination.[1] It was then rescheduled for February 23, 1998. Once again, neither plaintiffs nor their *501 counsel appeared for examination. To date, the examination under oath has not occurred.
On January 28, 1998, and March 23, 1998, plaintiffs’ attorney sent Safety a G.L.c. 93A demand letter seeking payment of all plaintiffs’ medical bills. Safety responded to both letters setting forth its reasons for not making payment to plaintiffs, and denying any violations of G.L.c. 93A. Plaintiffs then initiated litigation. The case is before this court on a motion by Safety for summary judgment.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving parly to judgment as a matter of law. See Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). “The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (quoted with approval in G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991)). Of course, “the nonmoving party may not simply rest on pleadings, but his response, by affidavits or as otherwise provided in the rule, must set forth specific facts showing that there is a genuine issue for trial.” Correllas v. Viveiros, 410 Mass. 314, 317 (1991).
The moving party bears the burden of affirmatively demonstrating the absence of triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. See Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the nonmoving party’s case or by demonstrating that the nonmoving party has no reasonable expectation of proving an essential element of his case at trial. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
The crux of plaintiffs’ argument is that Safety breached the terms of the policy by issuing a “reservation rights” letter and by demanding an examination under oath. Safety, on the other hand, contends it did not breach the Policy because information discovered in Safety’s investigation of plaintiffs’ claims showed a reservation of letter was warranted, and because plaintiffs were bound by the Policy terms which clearly condition recovery under the Policy on plaintiffs’ agreement to submit to an examination under oath when requested.
First, plaintiffs contend that Safety, bj issuing a “reservation of rights” letter, has materially breached the insurance contract. A “reservation of rights” letter is a device which allows the insurer to give notice to its insured of some policy concerns while at the same time continuing to act in accordance with its legal duties. This is an acceptable method for an insurer to preserve its rights to later disclaim coverage, should information subsequently obtained warrant such disclaimer, while at the same time giving the insured notice of a potential problem so the insured is not lulled into failing to act to protect himself. Sarnafil, Inc. v. Peerless Ins. Co., 418 Mass. 295, 309 (1994).
Here, within two days of receiving notice of plaintiffs’ claims, Safety obtained a statement from the adverse operator indicating the alleged rear-end impact was minimal and that there was no damage to either vehicle. In contrast, an appraisal of the insured vehicle estimated damages in the amount of $4,355.34. Moreover, the adverse operator indicated that she was aware of only two occupants of the Tran vehicle, as opposed to three occupants as claimed by plaintiffs. These inconsistencies warranted a “reservation of rights” letter. Salonen v. Paanenen, 320 Mass. 568, 572 (1947) (“reservation of rights” letter warranted where two different accident versions submitted).
Second, plaintiffs contend that they were not bound to appear for the examination under oath because Safety failed to clarify the type of statement it wanted, thus they could have complied with Safety’s request by submitting recorded statements in lieu of attending an examination under oath. Correspondence between Safety and plaintiffs’ counsel clearly indicates that Safety was requesting an examination under oath as opposed to a recorded statement. As was stated above, the Policy provides that when there is an accident or loss, the insurer may “require [the insured] and any person seeking payment under any part of this policy to submit to an examination under oath, at a place designated by [the insurer], within a reasonable period of time after [the insurer is] notified of the claim ...” It further provides that “failure to cooperate with [the insurer] may result in the denial of [the insured’s] claim.”
A “condition precedent defines an event which must occur before a contract becomes effective or before an obligation to perform arises under the Contract. If the condition is not fulfilled, the contract, or obligations attached to the condition, may not be enforced.” Massachusetts Mun. Wholesale Elec. Co. v. Town of Danvers, 411 Mass. 39, 45 (1991) (citations omitted). An examination under oath, demanded by the insurer, is a condition precedent to recovery under an insurance policy and failure to submit to such examination constitutes a material breach of the insurance contract. Mello v. Hingham Mutual Fire Ins. Co., 421 Mass. 333, 337 (1995) citing, Standard Mutual Ins. Co. v. Boyd, 452 N.E.2d 1074, 1077-78 (Ind.Ct.App. 1983). There is no requirement that the insurer show actual prejudice by the insured’s failure to submit to an examination. Hodnett v. Arbella Mut. Ins. Co., 1996 Mass.App.Div. 131.
*502 While plaintiffs may not have had a duty to cooperate with a demand for a recorded statement, they were, however, required to comply with the requested examination under oath when requested by Safely. Correspondence demonstrates plaintiffs’ counsel was clearly informed that Safety was seeking an examination under oath. Thus, it was plaintiffs who breached the terms of the Policy by refusing to submit to an examination under oath. Safety’s action in reserving its rights and requesting an examination under oath, therefore, does not amount to a breach of contract. See Applemen, Insurance Law and Practice, §4694 (1979 & 1999 Supp.) (delineating the legal effect of a reservation of rights letter). Accordingly, Safety is entitled to summary judgment on all counts alleging breach of contract.
Second, plaintiffs allege Safety violated G.L.c. 90, §34M because it did not affirm or deny coverage of their PIP benefits within ten days. Plaintiffs claim Safety’s failure to take action caused a breach of the Policy which relieved the plaintiffs of any obligations under the Policy. Safety disputes these allegations arguing that plaintiffs are not entitled to the protection of c. 90, §34M because they did not assist Safety in its attempt to gather information to determine the amounts due under the Policy, i.e. they did not submit to the requested examination under oath.
Massachusetts General Laws Chapter 90, Section 34M mandates the recovery of PIP benefits. PIP benefits are due and payable “upon receipt of reasonable proof of the fact and amount expenses and loss incurred.” (Emphasis supplied.) G.L.c. 90, §34M. To be entitled to the protection of this provision, an injured party is required to “do all things necessary to enable the insurer to obtain medical reports and other needed information to assist in determining the amounts due,” (emphasis supplied) id.; Brito v. Liberty Mut. Ins. Co., 44 Mass.App.Ct. 34, 36-37 (1997). An insurer with reason to doubt its liability is not required to pay medical bills merely because the claimant asserts they represent reasonable and necessary treatment for injuries arising out of the accident. Brito v. Liberty Mut. Ins. Co., supra.
In this case, plaintiffs submitted their PIP forms to Safety on January 8, 1998. Seven days later (January 15, 1998) Safely responded in a letter to Attorney Carigila that it would require plaintiffs to attend an examination under oath before it would determine its liability (if any). Considering the discrepancies between the accident versions and the extent of the damage and injuries claimed by plaintiffs, it was entirely reasonable for Safety to request an examination under oath to substantiate plain tiffs’ claims. Further, there was no unreasonable delay as the letter requesting the examination was mailed within two days of receipt of the PIP application forms.
It is undisputed that on two separate occasions plaintiffs did not attend the scheduled examination under oath, nor did they offer a valid excuse for their failure to appear. Failure of an alleged injured PIP claimant to cooperate with the insurer provides an insurer with an absolute defense to any litigation brought under G.L.c. 90, §34M. Brady v. Allstate Ins. Co., 1984 Mass.App.Div. 242, 245. Plaintiffs did not cooperate with the entirely reasonable and legitimate request for an examination under oath. Consequently, Safety is entitled to summary judgment on all counts alleging violations of G.L.c. 90, §34M.
Third and last, plaintiffs claim Safety violated G.L.c. 176D, §3(9) and/or G.L.c. 93A by issuing a “reservation of rights” letter and by failing to affirm or deny coverage within a reasonable time. Safety argues that because plaintiffs failed to submit to the examination under oath they were in breach of the contract and were therefore estopped by their own conduct from asserting the statutory protections.
Massachusetts G.L.c. 176D does not provide a remedy for private parties injured by allegedly deceptive insurance practices; however, G.L.c. 93A has concurrent application to G.L.c. 176D, §3 for alleged unfair or deceptive insurance acts or practices. Dodd v. Commercial Union Ins. Co., 373 Mass. 72, 78 (1977). Thus, an aggrieved party may seek vindication under c. 93A.
Based on the summary judgment record, it is clear that Safety began the investigation of plaintiffs’ claimed loss reasonably promptly and thereafter proceeded in its investigation with reasonable efficiency and thoroughness. Moreover, plaintiffs were promptly informed by letters dated February 20 and 24, 1998 that their failure to submit to the examination under oath amounted to failure to cooperate as required by the Policy and G.L.c. 90, §34M. On the basis of the information uncovered during Safety’s investigation and plaintiffs’ refusal to submit to the examination under oath, it was reasonable for Safety to refuse to take a position with regard to its liability. Guity v. Commerce Ins. Co., 36 Mass.App.Ct. 339, 343 (1994), and cases cited. There is, therefore, no basis in fact or law to support plaintiffs’ allegations that Safety violated any provisions of c. 93A. Thus, Safety is entitled to summary judgment on all counts alleging violations of G.L.c. 93A and/or c. 176D.
Safety has affirmatively demonstrated the absence of a triable issue on all counts of plaintiffs’ Complaint, and is accordingly entitled to judgment as a matter of law. See Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
ORDER
For the foregoing reasons, It is hereby ORDERED that defendant’s motion for summary judgment on all counts of plaintiffs’ Complaint be ALLOWED.

 At this time, Attorney Cariglia represented plaintiffs Trung Tran and Peter Thach. Attorney Wayne Tupper, who represented Men To had requested that his client’s examination be canceled. On February 3, 1998, Safety was informed by Attorney Tupper that he was discharged by plaintiff Men To, and that Men To was represented by Attorney Cariglia.