Brassard, J.
This case arises out of a bicycle accident with a motor vehicle that occurred on May 11, 2000. The accident involved the plaintiff, Thomas F. Fox (“Fox”), and the defendant, Nelson Rivera (“Rivera”), operator of the vehicle. Defendant Liberty Mutual Insurance Company (“Liberty Mutual”) was the insurer of Rivera’s vehicle on May 11, 2000. Fox alleges that he was injured on his bicycle, as the result of Rivera’s negligent operation of a motor vehicle (Count I) and that Liberty Mutual wrongfully failed to pay him Personal Injury Protection (“PIP”) benefits in violation of G.L.c. 90, §34M (Count II). Liberty Mutual moves for summary judgment as to Count II and Fox cross moves for summary judgment on Count II. For the following reasons, Liberty Mutual’s motion for summary judgment is ALLOWED and Fox’s motion for summary judgment is DENIED.
BACKGROUND
On May 11, 2000, Fox was bicycling on or around the corner of Canal and Medford Streets in Malden, MA. Rivera Was driving his vehicle in the same area at the same time. Fox alleges that he was riding his bicycle when Rivera made a right turn on a red light. In doing so, Fox’s hand came into contact with the hood of Rivera’s vehicle. After this contact, Fox went to the driver’s side of Rivera’s vehicle, put both of his hands on Rivera’s vehicle, and exchanged words with him. Fox states that Rivera's window was one-third down. Fox alleges that as he began to yell at Rivera, Rivera stepped on the accelerator of his vehicle. Fox alleges that he sustained serious injuries from being dragged by Rivera’s vehicle.
Fox notified Liberty Mutual, Rivera’s insurer, of the accident and the injures sustained. On June 21, 2000, Liberty Mutual notified Fox via mail that he would be able to recover $2,000 in PIP benefits as a result of his injuries. On that same day, Liberty Mutual requested that Fox submit to an examination under oath ("EUO") in order to complete its investigation of the claim. As per a telephone conversation on that same day between Liberty Mutual and Fox’s attorney, Fox refused to submit to Liberty Mutual’s request for an EUO. After this refusal, Liberty Mutual made efforts to agree on a convenient time for Fox to submit to the EUO. Fox again refused the EUO as per a telephone conversation on June 29, 2000.
On July 3, 2000, Liberty Mutual notified Fox via letter that no payments would be made on his claim unless an EUO was conducted. In this letter, Liberty Mutual referred Fox to specific language in its policy supporting this point. The letter stated, that “[w]e [the insurer] may require you or anyone seeking payment under any portion of this policy to submit to an examination under oath at a place designated by us within a reasonable time after we are notified of the claim.”
On July 6, 2000, Fox’s attorney forwarded to Liberty Mutual a completed PIP application together with copies of reports and bills received in connection with the matter. On July 10,2000, Liberty Mutual acknowledged receipt of Fox’s PIP application with attachments, but again stated that no payments would be made on the claim until the investigation was completed. On July 24, 2000, Liberty Mutual made another attempt to schedule an EUO of Fox and once again, Fox refused stating that the request was unreasonable.
On August 7, 2000, Liberty Mutual, by its attorney, sent a letter to Fox’s attorney stating that its request for an EUO was reasonable. This letter directed Fox’s attorney once again to the policy language stating that an insurer may require any person seeking payment under the policy to “submit to an examination under oath.”
To date, Fox has refused to submit to the EUO claiming that the request is unreasonable and as a result, Liberty Mutual has denied payment of Fox’s *224 claim because it has not been able to complete its investigation.
DISCUSSION
I. Standard of Review
Summary judgment is appropriate when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Highlands Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and showing that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, 404 Mass. at 17.
II. G.L.c. 90, §34M
Submission to an examination under oath when one has been demanded by the insurer is a condition precedent to recovery under an insurance policy and failure to submit to such an examination constitutes a material breach of the insurance contract. Mello v. Hingham Mut. Fire Ins. Co., 421 Mass. 333, 337 (1995) (affirming grant of summary judgment to insurer which denied fire coverage under a homeowner’s policy because insured invoked privilege against self-incrimination and failed to submit to an examination under oath); see also Cohen v. Commercial Cas. Ins. Co., 277 Mass. 460, 462 (1931) (holding that insured’s failure to submit to an examination in New York where the loss occurred and where employees were familiar with the claim violated essential condition of the insurance policy justifying denial of coverage). Massachusetts case law follows the general principle that submission to an examination under oath, so long as the request is reasonable, is strictly construed as a condition precedent to the insurer’s liability. Barbosa v. Metropolitan Property and Cas. Ins. Co., 1998 WL 845896, 9 Mass. L. Rptr. 315 (Mass. Super. Ct. 1998) (Garsh, J.). “It is the law in most jurisdictions that the submission to an examination, if the request is reasonable, is strictly construed as a condition precedent to the insurer’s liability . . . This court agrees with these authorities.” Mello, 421 Mass. at 337 (citations omitted).
In this case, Fox argues that Liberty Mutual’s request for an examination under oath was not reasonable because Liberty Mutual had all of the information it needed to conduct its investigation in the reports and bills sent by Fox with the PIP application. General Laws c. 90, §34M requires that every motor vehicle liability policy issued in the Commonwealth provide PIP benefits in lieu of damages otherwise recoverable by the injured person in tort as a result of an accident occurring within the Commonwealth. Barbosa, supra, at 2. A policy’s PIP provision provides for payment, without regard to negligence or fault, to the named insured, members of the insured’s household, any authorized operator or passenger of the insured, or any pedestrian struck by the insured's motor vehicle. Barbosa, supra, at 2 (paraphrasing G.L.c. 90, §34A). A PIP provision provides for payment of reasonable expenses incurred within two years from the date of the accident for necessary medical services, lost wages or salary, expenses incurred by virtue of engaging others to do work that the injured party would had done were it not for the injury, and loss by reason of diminution of earning power with respect to a person not employed at the time of the accident. Id.
A claim for PIP benefits must be presented to the insurer as soon as practicable after the accident. G.L.c. 90, §34M. The injured party is required by statute to “submit to physical examinations by physicians selected by the insurer” and to “do all things necessary to enable the insurer to obtain medical reports and other needed information to assist in determining the amounts due.” Id. PIP benefits are due and payable as a loss accrues upon receipt of reasonable proof of the fact and amount of expenses and loss incurred. Barbosa, supra, at 2 (paraphrasing G.L.c. 90, §34M). Where PIP benefits due and payable remain unpaid for more than thirty days, the person to whom such benefits are due “shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payment . . .” Id. In such a suit, “(nloncooperation of an injured party shall be a defense to the insurer . . . for benefits authorized by this section . . .” G.L.c. 90, §34M.
General Laws chapter 90, §34M gives third-party beneficiary status to a pedestrian, entitling such an individual to bring a contract action for PIP benefits due under a motor vehicle liability policy. Barbosa, supra, at 3 (paraphrasing G.L.c. 90, §34M). Therefore, a pedestrian steps into the shoes of the insured and is bound by conditions precedent in the insurance policy. State Farm Lloyd’s Ins. Co. v. Maldonado, 963 S.W.2d 38, 41 (Tex. 1998). Nothing in this statute, which gives Fox the right to bring a contract claim for PIP benefits, relieves him of the conditions precedent found in the policy. Barbosa, supra, at 3.
Fox contends that Liberty Mutual is not entitled to an entry of judgment in its favor because it has not demonstrated that it was prejudiced by Fox’s refusal to submit to an examination under oath. Darcy v. Hartford Ins. Co., 407 Mass. 481 (1990). In Darcy, the Supreme Judicial Court limited the insurer’s burden to demonstrate prejudice, in order to disclaim liability, to situations involving either a delay in notice of a claim or afailure to cooperate in the defense of a lawsuit. Id. at 489-90 (emphasis added). This case does not concern a failure to provide notice or a failure to cooperate in a defense. Barbosa, supra, at 3. Instead, this case concerns a failure to submit to an examination under *225 oath. In Mello, the court declined to extend the prejudice requirement to situations involving a failure to submit to an examination under oath clause in an insurance policy. Barbosa, supra, at 3. Instead, the court held that a clause requiring submission to an examination under oath is to be strictly construed as a condition precedent. Barbosa, supra, at 3.
“Darcy does not compel the conclusion that, in an action seeking PIP benefits, an insurer needs to prove actual prejudice to justify its refusal to provide PIP benefits on the grounds that the allegedly injured party refused to submit to an examination under oath.” Barbosa, supra, at 3. Because Liberty Mutual’s request for an examination under oath was reasonable and necessary in its investigation of the claim and it is not required to demonstrate any prejudice, Liberty Mutual’s motion for summary judgment is ALLOWED and Fox’s cross motion for summary judgment is DENIED.
ORDER
For the foregoing reasons, defendant, Liberty Mutual’s motion for summary judgment is ALLOWED as to Count II. Plaintiffs motion for summary judgment as to Count II is DENIED.