Toomey, J.
INTRODUCTION
Pursuant to G.L.c. 90, §34M, the plaintiffs, Thanh T. Tran (“Tranh”), Nancy Nguyen (“Nancy”), ppa Hoang Nguyen (“Hoang”)[1] and Loan T. Pham (“Pham”), bring this action to recover personal injury protection (“PIP”) benefits, costs and attorneys fees for injuries arising out of an automobile accident alleged to have occurred on January 6, 1998, on .Dorchester Street in Worcester, Massachusetts. At the time of the collision, the 1994 Nissan Altima (“insured vehicle”), which bore plaintiffs, was owned by Cue Thi Pham (“insured”) and insured by the defendant, Commerce Insurance Company (“Commerce").
Commerce now moves for summary judgment on the grounds that plaintiffs Tranh, Nancy and Pham, are precluded from recovering because they breached the conditions precedent to recovery under the Policy by refusing to appear for scheduled Independent Medical Examinations (“IME”) and scheduled examinations under oath. For the reasons stated below, Commerce Insurance Company’s motion for summary judgment is ALLOWED.
FACTS
The plaintiffs Tranh, Nancy and Pham claim that they were injured on January 6, 1998, when a City of Worcester police cruiser, operated by Officer Frances Assad, struck the insured vehicle. Tranh was operating the insured vehicle and Nancy and Pham were passengers at the time of the accident. According to the report of Officer Logan, a witness to the accident, the insured vehicle struck Officer Assad’s police cruiser while the police cruiser was stopped.
On January, 7, 1998, Commerce received its first notice of the accident from the insured. At that time, Commerce was aware of Officer Logan’s report indicating that Tranh was the operator, and only occupant, of the insured vehicle. On January 14,1998, and March 2, 1998, PIP forms were sent by Commerce to Tranh. Neither of the PIP forms were, however, returned to Commerce. On January 14, 1998, and March 2, 1998; Commerce also made requests for an accident description. Again, Tranh did not respond to either of those requests.
In a letter dated April 8, 1998, Commerce received notice from plaintiffs’ counsel that there had in fact, been three individuals in the insured vehicle and that all three occupants were injured in the collision. On April 9, 1998, the plaintiffs’ attorney forwarded correspondence to Commerce, reciting that he represented Pham and that the loss occurred due to the negligence of his client Tranh.[2] On April 29, 1998, Commerce received PIP applications for Tranh, Nancy and Pham, indicating that all three had been injured and were seeking chiropractic treatment as a result of the January 6, 1998 collision.
Following notice of the incident, Commerce commenced an investigation. As part of its investigation and pursuant to the Massachusetts Automobile Insurance Policy (6th ed.) (“Policy”) it had issued to the insured, Commerce sought an IME and an examination under oath of Tranh, Nancy and Pham. The Policy provided that, when there is an accident or loss, the insurer may “require you and any person seeking payment under any part of this policy to submit to an examination under oáth at a place designated by us, within a reasonable time after we are notified of the claim.” Massachusetts Automobile Insurance Policy (6th ed.). The Policy also recited that “failure to cooperate with [the insurer] may result in the denial of your claim.” Id.
Commerce issued, on May 1, 1998, a reservation of rights letter to plaintiffs’ counsel. On May 5, 1998, in response to the reservation of rights letter, plaintiffs’ counsel made a demand, pursuant to G.L.c. 175, §112, G.L.c. 93A, and G.L.c. 176D, for a detailing of the facts supporting Commerce’s determination to handle the claims under a reservation of rights. Plaintiffs’ counsel also informed Commerce that its reservation of rights constituted a material breach of contract and relieved the plaintiffs from any corre *50 sponding duties under the contract. The plaintiffs added that, if Commerce withdrew its reservation of rights, plaintiffs would fully cooperate under the contract. Rejecting plaintiffs’ demands, Commerce neither withdrew its reservation of rights nor provided a description of facts upon which it relied to justify its reservation.
Commerce scheduled IMEs for Pham, Nancy and Tranh on, respectively, May 19, 1998, and June 2, 1998, on May 19, 1998, and June 2, 1998, and on May 22, 1998 and June 4, 1998. Each plaintiff was appropriately notified, but each failed to appear.
In a letter dated June 24, 1998, Commerce responded to plaintiffs’ May 5, 1998, request for the reasoning behind the reservation of rights letter. Commerce informed plaintiffs’ counsel that, upon review of the facts gathered in relation to this claim, Commerce was apprised of circumstances inconsistent with the information that had been originally received. And, on July, 8 1998, Commerce, as part of its continuing investigation into the matter and pursuant to the terms of the Policy, advised Pham, Nancy and Tranh, through their counsel, that their examinations under oath had been scheduled; they were to appear on August 4, 1998, at the Catuogno Court Reporting office in Worcester. Pham, Nancy and Tranh all failed to appear for their examinations.[3]
On August 21, 1998, Commerce forwarded correspondence to the plaintiffs’ attorney denying the claims at bar for failure to appear for IMEs and examinations under oath. On November 24, 1998, Commerce was served with this plaintiffs’ complaint in which Tranh claims to have incurred $4,672.00 in medical bills; Nancy claims to have incurred $4,574.00 in medical bills; and Pham claims to have incurred $4,796.00 in medical bills as a result of the collision.
The complaint was tried in Leominster District Court. There, on November 11, 2000, the court, (Locke, J.), allowed defendant’s motion for involuntary dismissal at close of plaintiffs case. The plaintiffs then brought this matter before the Superior Court and the instant motion has been presented for disposition.
DISCUSSION
Summary judgment will be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). In assessing a Rule 56 motion, “The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor .’’Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (quoted with approval in G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991). Of course, “the nonmoving party may not simply rest on pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” Correllas v. Viveiros, 410 Mass. 314, 317(1991). Application of those principles compels the conclusion that, at bar, there remain no genuine issues of material fact deserving of trial and defendant is entitled to judgment as a matter of law.
A. Breach of Contract Issues/ Violation of G.L.c. 90, §34M
The plaintiffs’ complaint against Commerce alleges that Commerce breached the insurance contract when, in violation of G.L.c. 90, §34M, it failed to pay PIP benefits to the plaintiffs. In addition, plaintiffs state that Commerce breached the insurance contract by issuing a reservation of rights letter. Commerce responds that it did not breach the Policy because: (1) the information discovered in Commerce’s investigation of plaintiffs’ claims supported issuing a reservation of rights letter; and (2) the Policy provides that a condition precedent to recovery under the Policy is the plaintiffs’ submission to IMEs and examinations under oath upon request, both of which conditions plaintiffs failed to satisfy.
(1) Breach of Contract — Issuance of “Reservation of Rights” Letter
A reservation of rights letter is a device that allows an insurer to give notice to its insured of some policy concerns while, at the same time, continuing to satisfy its legal duties. See Thach et al v. Safety Insurance Co., Civil No. 98-2300A, 10 Mass. L. Rptr. 500 (Worcester Super. Ct. August 25, 1999), citing Sarnafil, Inc. v. Peerless Ins. Co., 418 Mass. 295, 309 (1994) (citations omitted). A reservation of rights is an acceptable method for an insurer to preserve its rights later to disclaim coverage should information, subsequently obtained, warrant such disclaimer. Additionally, a reservation contemporaneously provides its insured with notice of the insurer’s concerns in order that the insured is not lulled into failing to act to protect herself or himself. Id. See also Salonen v. Paanenen, 320 Mass. 568, 574 (1947).
Here, the plaintiffs have not demonstrated that the mere issuance of the reservation of rights letter breached the motor vehicle insurance Policy, thus excusing plaintiffs’ refusal to appear for examination. Commerce’s reservation of rights letter was not a disclaimer of coverage under the Policy, but merely served to put the plaintiffs on notice that no PIP payments would be made until an investigation was complete. Such notice is, in appropriate cases, wholly consistent with Massachusetts law.
Within months of the collision, Commerce received conflicting reports regarding several key issues involved in its assessment of the claims, viz, what was the role each driver played in the accident, how many persons were occupants of the insured vehicle, and whether any persons were in fact injured in the accident. Commerce initially received a report that only Tranh had been involved in the car accident and that *51 the insured vehicle had caused the collision. The police report, generated by Officer Logan, a witness to the accident, reflected that the insured vehicle struck the cruiser as the cruiser awaited the passing of a third vehicle. The police report did not record that anyone was injured in the collision. At the time of its receipt of the police report, therefore, Commerce had no knowledge of injury to any occupant(s) of the insured vehicle and nothing in the police report indicated that anyone other than Tranh occupied the insured vehicle.
In a letter dated April 8, 1998, plaintiffs’ counsel informed Commerce that there were in fact three individuals in the insured vehicle, that all were injured and that the police cruiser caused the accident. The letter was, of course, in fundamental conflict with the police report. Adding further confusion to the matter, plaintiffs’ counsel, in a letter dated April 9, 1998, forwarded correspondence to Commerce stating that he represented Pham and the accident occurred due to the plaintiff Tranh’s negligence. The inconsistencies embodied in those documents warranted Commerce in sending the reservation of rights letter.[4] See Salonen, 320 Mass. at 572 (“reservation of rights” letter warranted where two different accident versions submitted).
Commerce therefore did not breach the insurance contract, but acted in accordance with Massachusetts law, issuing its reservation based on a justifiable concern that coverage might not attach.
(2) Breach of Contract — IME’s and Examinations Under Oath as Conditions Precedent to Payment
As part of Commerce’s post-reservation investigation and pursuant to the Policy, Commerce sought an IME and examination under oath from Tranh, Nancy and Pham. The plaintiffs failed, however, to appear for the IMEs and examinations under oath when duly requested by Commerce’s counsel. Plaintiffs contend that they were not bound to appear for the IMEs or the examinations under oath because Commerce had issued a reservation of rights letter instead of PIP payments, thus breaching the contract of insurance. The plaintiffs further contend that Commerce is not entitled to judgment in its favor because Commerce failed to prove it suffered actual prejudice from any conduct of the plaintiffs.
As stated, above, the Policy provided that, when there is an accident or loss, the insurer may “require [the insured] and any person seeking payment under any part of this policy to submit to an examination under oath, at a place designated by [the insurer], within a reasonable period of time [that the insured is] notified of the claim ...” The policy further provided that “failure to cooperate with the [the insurer] may result in the denial of [the insured’s] claim.” An examination under oath, demanded by the insurer, is a condition precedent to recovery under an insurance policy, and failure to submit to such an examination constitutes a material breach of the insurance contract. Mello v. Hingham Mutual Fire Ins. Co., 421 Mass. 333, 337 (1995) (citations omitted). If the condition is not satisfied, the contract, or obligations attached to the condition, may not be enforced.Massachusetts Mun. Wholesale Elec. Co. v. Town of Danvers, 411 Mass. 39, 45 (1991) (citations omitted).
Although plaintiffs may not have had a duty to cooperate with a demand for a recorded statement, they were required under Massachusetts law and the Policy to comply with an insurer’s request for IMEs and examinations under oath. See Mello, 421 Mass. at 337. Commerce corresponded on several occasions with plaintiffs’ counsel clearly requesting IMEs and examinations under oath. The plaintiffs were obligated by the Policy and the statutory language of G.L.c. 90, §34M to comply with Commerce’s requests, but they failed to do so.
Any contention by plaintiffs that Commerce is not entitled to judgment in its favor because it has not demonstrated any actual prejudice from plaintiffs’ refusal to appear for examinations under oath is without merit. The court’s review of the record leads it to conclude that plaintiffs prejudiced Commerce by refusing to attend the reasonably requested IMEs and examinations under oath. The plaintiffs’ refusal to submit to IMEs and examinations under oath left Commerce in the position of deciding whether or not to pay suspect claims without any means to determine their legitimacy. See Hodnett v. Arbella Mutual Ins. Co., 1996 Mass.App.Dec.District Court Dept.: 131 (1996) (injured party’s refusal to submit to an IME clearly frustrates the obvious purpose of the policy and statutory requirements which allows the insurer to determine the reasonableness of the medical expenses for which compensation is sought). See Ganias v. Arbella Mutual Ins. Co., 1999 Mass.App.Dec.District Court Dept.: 190 (1999). See also G.L.c. 90, §34M. Commerce’s dilemma was created by its reasonable concerns with respect to the number of injured persons, the magnitude of injuries and the quantum of Tranh’s negligence. To require Commerce to decide whether or not to pay, without giving it the opportunity to resolve its reasonable concerns as to its obligation to pay, is to prejudice Commerce.
Assuming arguendo, however, that Commerce has failed to show that it was prejudiced by plaintiffs’ refusal to submit to IMEs and examinations under oath, plaintiffs still cannot prevail. They rely upon Darcy v. Harford Ins. Co., 407 Mass. 481 (1990), but their reliance is misplaced. In Darcy, the Supreme Judicial Court held that an insurer must show prejudice in order to disclaim liability for an insured’s delay in notice of a claim or failure to cooperate in the defense in the event of a lawsuit. Id. at 489. See also Johnson Controls, Inc. v. Bowes, 381 Mass. 278, 282 (1980). At bar, however, the undisputed facts do not *52 present a delay in notice of a claim or a failure to cooperate in the defense of another lawsuit; the instant case, in contrast, involves a breach of a condition precedent to plaintiffs’ recovery. In the more pertinent case of Mello v. Hingham Mutual Fire Insurance, Co., 421 Mass 433 (1995), the Supreme Judicial Courtheld that a clause requiring submission to an examination under oath is to be construed as a condition precedent to recovery under the policy. A condition precedent is not rendered nugatory merely because the beneficiary of the condition is not harmed by non-performance of the condition.
This court is aware of no Massachusetts law en-grafting a requirement of prejudice onto the breach of a condition precedent in order to relieve from liability under the contract one in whose favor the condition precedent runs. Accordingly, Darcy ought not be read to compel the conclusion that in an action seeking PIP benefits, an insurer needs to prove actual prejudice to justify its refusal, grounded on a failed condition precedent, to provide PIP benefits. See G.L.c. 90, §34M. See also Barbosa v. Metropolitan Property and Casualty Ins. Co., Civil No. 98-02021, 9 Mass. L. Rptr. 315 (Suffolk Super. Ct. November 16, 1998). Rather, Mello’s view that the failure to submit to an examination is the breach of a condition precedent, as to which no prejudice is required to relieve the insurer of liability, is dispositive of the issue at bar.
Therefore, plaintiffs breached conditions precedent to their recoveiy under the Policy by refusing to submit to IMEs and examinations under oath. Commerce’s action of reserving its rights and requesting IMEs and examinations under oath, did not amount to a breach of contract, but constituted a justifiable response to plaintiffs’ refusal to cooperate. See Appleman, Insurance Law and Practice, §4694 (1979 and 1999 Supp.) (delineating the legal effect of a reservation of rights letter). The plaintiffs have presented no assertions sufficient to demonstrate a genuine issue of material fact regarding their claims that Commerce breached the insurance contract. Accordingly, Commerce is entitled to summary judgment on all counts alleging breach of contract.
(3) Violation of G.L.c. 90, §34M
The plaintiffs allege that Commerce failed to pay plaintiffs, pursuant to G.L.c. 90, §34M, the benefits owed under the PIP provision of the insured’s Policy and, consequently, also request an award of attorneys fees and costs. Commerce contends that it was entitled to deny plaintiffs’ claims because the plaintiffs failed to appear for their IMEs and their examinations under oath, thereby eviscerating Commerce’s attempts to gather information regarding amounts due under the Policy.
General Laws Chapter 90, §34M, mandates the recovery of PIP benefits “upon receipt of reasonable proof of the fact and amount of expenses and loss occurred." A party is required to “do all things necessary to enable the insurer to obtain medical reports and other needed information to assist in determining the amounts due.” G.L.c. 90, §34M. An insurer with reason to doubt its liability is not required to pay medical bills merely because the claimant alleges them to be reasonable and necessary expenses for treatment. Brito v. Liberty Mutual Insurance Co., 44 Mass.App.Ct. 34, 37 (1997).
In the instant matter, Commerce’s requests for examinations were reasonable, and plaintiffs’ refusal to submit to the IMEs and examinations under oath obstructed Commerce’s ability to investigate the accident and assure itself that plaintiffs were in fact injured. By way of correspondence with plaintiffs’ counsel, Commerce discovered several contradictions touching upon the number of plaintiffs in the insured’s vehicle, the extent of plaintiffs’ injuries, and the question of Tranh’s negligence. Commerce’s request for IMEs and examinations under oath in order to further its investigation and ascertain the extent of plaintiffs’ injuries was demonstrably appropriate given the “facts” advanced by plaintiffs. Each plaintiff failed, however, twice to appear for scheduled IMEs and twice for examinations under oath. Those failures did nothing to ease Commerce’s concerns with respect to the contradictions.
The plaintiffs did not cooperate with the reasonable and legitimate requests of Commerce to aid its investigation; that failure of cooperation constitutes a clear violation of c. 90, §34M. Therefore, Commerce was not required by the statute to pay the claimants’ medical bills. Because the claimants have offered no evidence suggesting a genuine issue of material fact as to whether Commerce violated G.L.c. 90, §34M, Commerce is entitled to summary judgment as a matter of law on the alleged violation of G.L.c. 90, 34M.
B. Violations of G.L.c. 93A and c. 176D
Finally, the plaintiffs contend that Commerce violated G.L.c. 93A and G.L.c. 176D by issuing a reservation of rights letter and by failing to affirm or deny coverage within a reasonable time. There remains no genuine issue of material fact that, based on the information discovered during Commerce’s investigation, Commerce engaged in no statutorily violative conduct when it opted to reserve its rights and to seek IMEs and examinations under oath. Commerce’s conduct, discussed in detail supra, presents no likelihood that plaintiffs can prevail upon a G.L.c. 93A or G.L.c. 176D cause of action. See Guity v. Commerce Ins. Co., 36 Mass.App.Ct. 339, 343 (1994) (citations omitted). Commerce is entitled to summary judgment on all counts alleging violations of G.L.c. 93A and/or G.L.c. 176D.
Commerce has demonstrated the absence of a triable issue and, further, has established that it is entitled to judgment as a matter of law upon all counts of the complaint.
*53 ORDER
For the foregoing reasons, it is ORDERED that the Commerce Insurance Company’s motion for summary judgment be and hereby is ALLOWED.

 The plaintiff, Nancy Nguyen, is a minor who brings this action by and through her mother and next friend, Hoang Nguyen, of Worcester, Massachusetts.

 Plaintiffs’ counsel claims that this was a form letter sent by mistake, a fact subsequently conveyed to Commerce. Plaintiffs’ attorney also represents Hoang and Tranh in this loss.

 For purposes of the instant motion, plaintiffs do not contest that they failed to appear, as requested by Commerce, for either their IMEs or their examinations under oath.

 The reservation of rights letter was sent on May 1, 1998. In that correspondence. Commerce stated, “we reserve all of our rights and defenses available under the insurance policy contract... we are reserving our right to later disclaim any obligation under the policy and assert a defense of no coverage under the policy.” (Emphasis added.)